BISHOP *v.* STATE.

5039                                    364 S. W. 2d 676

Opinion delivered January 28, 1963.

[Rehearing denied March 4, 1963.]

No brief filed for appellant.

*Frank Holt,* Atty. General, by: *Thorp Thomas,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J. The appellant was convicted of rape and sentenced to life imprisonment.

We find the testimony to be amply sufficient to support the jury's verdict of guilty. Shortly before ten o'clock on the night of September 28, 1961, the prosecutrix, a young married woman, was alone in a self-service coin-operated laundry in Fayetteville. The defendant came in and persuaded her to get in her car and attempt to start his car by pushing it out a highway. According to the prosecutrix, the defendant was a complete stranger to her.

The defendant's automobile failed to start after having been pushed for a mile or more, and the de-

fendant came to a stop beside the highway. The prosecuting witness testified that as she was turning her car around to return to the laundry the defendant came over to the vehicle, forced his way into the driver's seat, and started driving down the highway. Despite the prosecutrix's struggles and attempts to escape, the defendant, who weighed nearly 300 pounds, was able to keep her in the car while he turned off the highway and parked behind a little church, where, according to the testimony of the prosecuting witness, he committed the act of rape.

The prosecutrix's testimony is to some extent corroborated by that of three youths of college age who were driving together that night in Fayetteville. Their attention was attracted to Bishop at about eight thirty, when apparently he ran deliberately into a car that was waiting for a traffic light to change. Later in the evening these boys saw Bishop emerge from the laundry with the prosecutrix, and they decided to follow the two cars out the highway. All three of them testified positively that they could see the prosecutrix fighting and struggling with the defendant just before he turned abruptly off the highway. The boys did not follow Bishop when he left the highway, but after waiting for a few minutes at a point farther down the road they decided to return to Fayetteville, where two of them informed the sheriff of what they had seen.

Bishop was the only witness called by the defense. He testified that he had struck up an acquaintance with the prosecutrix in a record shop, several months before the event in question. Although both of them were married, he succeeded in making several dates with the woman, and they had sexual relations on three of these occasions. Bishop testified that the prosecutrix telephoned him at about nine or nine thirty on the night of the alleged crime, asking him to meet her at the laundry. He was still at work on a construction job between Fayetteville and Springdale and came into town in his work clothes. He testified that after they had failed in their attempt to get his car started they drove together

to the churchyard, where an act of intercourse took place with the prosecutrix's co-operation and consent.

The record is large, but we have narrated the salient facts. It is quite evident that, in spite of the conflicting testimony, the prosecutrix's version of the matter constitutes substantial evidence sufficient to support the **verdict.**

It is insisted that the court erred in permitting the three youths to testify about Bishop's having run into another automobile earlier in the evening, since this incident involved a separate offense. The testimony, however, was undoubtedly relevant, for it explained to the jury why the boys happened to become interested in Bishop's conduct and hence why they were following him when they observed his struggles with the prosecutrix. As we pointed out in *Alford v. State,* 223 Ark. 330, 266 S. W. 2d 804, independently relevant testimony is admissible even though it may involve proof of another offense.

Defense counsel also objected repeatedly to testimony indicating that on the night in question Bishop was dirty, unshaven, and ill-smelling. This proof had a direct bearing upon the matter of Bishop's credibility, since the jury might well have believed that he would not have appeared in such an unkempt state if he was telling the truth about his past relationship with the prosecutrix and about her having asked him to meet her that night.

The court properly allowed the prosecuting witness to testify that she identified the accused at the county jail on the day after the offense. *French v. State,* 231 Ark. 677, 331 S. W. 2d 863. Nor did the court err in permitting the defendant to be cross-examined about prior convictions and offenses, the jury having been instructed that these matters were to be considered only as bearing upon the defendant's credibility. *Whittaker v. State,* 171 Ark. 762, 286, S. W. 937. We have studied the other assignments in the motion for a new trial and consider them to be without merit.

Affirmed.

FRANK HOLT, J., disqualified.