Reginald WILLIAMS *v.* STATE of Arkansas

CA CR 80-23                          606 S.W. 2d 75
Court of Appeals of Arkansas
Opinion delivered October 1, 1980

*McArthur & Lassiter, P.A.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

Ernie E. Wright, Chief Judge. Appellant was tried before the court with jury waived and found guilty of theft of

propery, a misdemeanor, in violation of Ark. Stat. Ann. § 41-2203.

On appeal he asserts insufficiency of the evidence to support the finding of guilt and that the trial court erred in allowing hearsay testimony over appellant's objection.

Appellant was employed at a Safeway Store in Little Rock. While operating a cash register at a checkout stand, his supervisor noticed appellant rang up a total of $3.20 on the cash register for a customer who had two bags of merchandise and some large boxes of diapers. After the customer had moved a short distance away from the checkout stand the supervisor called her back and requested appellant to re-ring the items and a retabulation showed a total of $21.65. Appellant told the supervisor the $3.20 purchase shown on the tape belonged to the previous customer. However, the copy of the tape in the register matched the only tape in the customer's basket. Later appellant told the supervisor the customer told him she had previously purchased the items in one of the bags and she was merely buying a few additional items totaling $3.20. The customer had twelve items of merchandise and the tape showed only eleven items. Only six items on the tape matched the actual price of the items.

On appeal a finding of guilt is affirmed if there is any substantial evidence to support it. In reviewing the evidence we recognize it is the function of the trial court or jury, as the case may be, to weigh the evidence and consider the credibility of witnesses. We, therefore, consider only the evidence that is most favorable to the appellee. *McCree* v. *State*, 266 Ark. 465, 585 S.W. 2d 938 (1979).

Appellant testified he rang up everything the customer told him to ring up, the total was $3.20, and that the customer told him she had previously purchased some of the merchandise.

Upon careful examination of the evidence we conclude the finding of guilt is supported by substantial evidence, and that there was evidence from which the court could conclude the appellant made an unauthorized disposition of merchan-

dise belonging to Safeway for the purpose of depriving the owner of the merchandise. *Brown* v. *State*, 258 Ark. 360, 524 S.W. 2d 616 (1975).

Appellant contends the court erred in permitting the supervisor to testify over appellant's hearsay objection to two statements made by the customer at two different times with reference to the transaction. The supervisor testified that 45 minutes after the customer's purchase had been rung up, the customer stated she had paid appellant $23.11 for the groceries; and that she called the supervisor by phone the following night and told him she had paid appellant $3.20 and she wanted the $20.00 back. Apparently the customer was referring to $20.00 she had supposedly previously paid for the first lot of groceries she testified she purchased. These statements were not made in the presence of appellant. In response to the appellant's hearsay objection to the statements the state stipulated the statements were not offered to prove the truth of the content of the statements.

The court allowed the statements to come into the record and the record implies the court reversed a final ruling on the objection until the contents of the statements were disclosed. Appellant did not later renew the objection and the court never did rule on the competency of the statements. At trial the customer testified on behalf of appellant that she had bought two bags of groceries and after going out of the store recalled some items she needed and went back and got some additional items; that the question about the correctness of the checkout occurred on the second trip through the store; that she purchased diapers and some other items on her first trip; that she told appellant at the checkout on her second trip what additional items she wanted rung up; that she later told the supervisor before she left the store she wanted either her money back or her groceries and he told her all he could refund was $3.20; and that since she did not have a tape receipt for anything other than the $3.20 receipt.

Since the out of court statements the supervisor testified the customer made to him were not offered to prove the truth of the statements, the testimony was not hearsay and therefore not subject to exclusion on that ground. Rule 801

(c) Uniform Rules of Evidence. It is not apparent the statements were competent when offered in evidence by the state prior to the customer testifying as a witness for the defendant. The testimony might have had some relevance for the purpose of impeaching the testimony of the customer after the customer testified. However, appellant only made the hearsay objection. Absent valid objection to the testimony, we do not on appeal consider the asserted error in the admission of the testimony. Rule 103 (a) (1), Uniform Rules of Evidence; *Ford* v. *State*, 253 Ark. 5, 484 S.W. 2d 90 (1972); *Powell* v. *State*, 270 Ark. 236 (1980).

When objection to testimony is made on a single ground all other objections to the testimony are waived. *United States* v. *Wolfson*, 322 F. Supp. 798, 454 F. 2d 60, Certiorari denied, 92 S. Ct. 1792.

Even if a valid objection had been made to the supervisor's testimony as to statements made by the customer, since the customer testified at trial and the trial was before the court with jury waived, appellant has failed to show he was prejudiced.

Affirmed.