Arzelle Lee PHILLIPS *v.* STATE of Arkansas

CR 80-125                                                       607 S.W. 2d 664

Supreme Court of Arkansas
Opinion delivered November 10, 1980
[Rehearing denied December 15, 1980]

*McArthur & Lassiter, P.A.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. Appellant was convicted of theft of property and two counts of robbery. As we find no merit to the three points of error urged in his appeal, we affirm the conviction.

David Sims and C. D. Burnett were robbed at gunpoint on the night of October 25, 1978, by two men wearing ski masks in Murray Park adjacent to the Arkansas River in Little Rock. After taking their billfolds and ordering the two to run into some nearby woods, the gunmen left, one in the vehicle in which they arrived and the other in Mr. Burnett's 1970 dark blue Malibu Chevrolet. Neither of the victims was able to give much of a description of the gunmen, although both testified that they could tell from the eye holes in the ski mask that the one who ordered them to run into the woods was a black man. The only other description of that gunman was that he wore wire-framed glasses with tinted lenses, was armed with a .38 revolver and seemed to be quite at ease during the robbery. In a voice line-up both victims identified appellant, a Little Rock policeman, as the person who had ordered them into the woods. Mr. Burnett testified he was 90% certain, but Mr. Sims stated he was positive appellant was the man. Appellant was tried before the court, sitting as a jury, on September 4, 1979. Both victims testified that the gunman's vehicle was a large car, a luxury model, that was light blue in color. Although victim Burnett first reported that the vehicle was a Cadillac, when he next saw the rear of an Oldsmobile 98 he informed the police that he had made a mistake and that the car was an Oldsmobile. Other testimony indicated that appellant owned a light blue 1976 Oldsmobile 98, which the victims had identified prior to trial as the assailant's vehicle.

Trooper Larry Gentry of the Arkansas State Police

testified that on October 26, 1978, he was instructed to set up a roadblock near Pine Bluff to check passing vehicles in connection with the investigation of a bank robbery earlier that day in Wilmar, Arkansas. The first car he stopped at the roadblock was a vehicle occupied by appellant and a man named Walker, who appellant said was the owner of the automobile. Testimony revealed that the vehicle of Mr. Burnett taken at the time of the robbery was found abandoned near Wilmar a few days after the bank robbery. Special Agent Donald Jarrett of the F.B.I. testified that on October 28th he participated in the search of an automobile belonging to Danny Walker, at which time several items were recovered that had been in Mr. Burnett's vehicle when it was stolen. Appellant testified that he was somewhere else at the time of the robbery of Burnett and Sims, and also presented several alibi witnesses, but he did admit on cross-examination that he had been convicted of robbing the bank at Wilmar on October 26, 1978, and that he left the bank in a dark blue 1970 or 1972 Malibu. He was found guilty in this case of theft of property and two counts of aggravated robbery. For the robberies he received two twenty-year sentences, to run concurrently, and for theft of property he received a five-year sentence, to run consecutively to the others. Urging three points for reversal, appellant brings this appeal.

Appellant first contends that the evidence adduced at trial is insufficient to sustain his conviction. The thrust of appellant's argument here is that the only admissible evidence linking him to the crime was the voice identifications made by the two victims, which appellant claims are insufficient, standing alone, to support his conviction. It is well-settled that on appeal in criminal cases the evidence must be viewed in the light most favorable to appellee and the judgment affirmed if there is any substantial evidence to support the finding of the trier of fact. *Chaviers* v. *State*, 267 Ark. 6, 588 S.W. 2d 434 (1979); *Williams* v. *State*, 258 Ark. 207, 523 S.W. 2d 377 (1975); *Miller* v. *State*, 253 Ark. 1060, 490 S.W. 2d 445 (1973). Substantial evidence is that which is more than a scintilla and must do more than create a suspicion of the existence of the fact to be established; it is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion. *Jones* v. *State*, 269 Ark. 119, 598 S.W. 2d 748 (1980); *Pickens-Bond Const. Co.* v. *Case*, 266 Ark. 323, 584 S.W. 2d 21 (1979).

Contrary to appellant's contention, there was considerable evidence other than the voice identifications which tended to connect him with the crime. For example, the description of the automobile driven by the gunmen matched the automobile owned by appellant and subsequently identified by Sims and Burnett. Further, appellant was shown to be involved with Danny Walker, from whose automobile several items of property belonging to victim Burnett were recovered. Also, appellant admitted that he left the bank at Wilmar in a vehicle matching the description of Burnett's, and it was undisputed that Burnett's vehicle was found abandoned near Wilmar shortly after the bank robbery. There was more, but these facts are more than sufficiently substantial to support the conviction.

Appellant next contends that the trial court erred in allowing into evidence the items recovered from Walker's car. Those items were seized pursuant to a search warrant and then identified by Burnett as those things which were in his automobile when it was stolen. Appellant's argument is that the items were irrelevant and, hence, inadmissible, because no evidence was presentedly positively showing that the automobile searched by the F.B.I. and its owner were the same vehicle and person appellant was seen with at the roadblock. Ark. Stat. Ann. § 28-1001, Rule 401 (Repl. 1979), provides:

> 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Generally, save a few exceptions not applicable herein, all relevant evidence is admissible. Ark. Stat. Ann. § 28-1001, Rule 402 (Repl. 1979). We do not agree with appellant's contention that this evidence was irrelevant, as there was ample testimony tending to connect appellant with the missing

items and the vehicle from which they were recovered. While this evidence is of a circumstantial nature, it is nonetheless relevant pursuant to Rule 401.

Finally, appellant contends that he was prejudiced by the trial court allowing the prosecutor to lead various witnesses for the State throughout the trial, but he failed to abstract any of the alleged leading questions or his objections to them. A review of the record, including that set out in appellee's supplemental abstract, indicates that the prosecutor was allowed to ask some leading questions during the trial, but the particular questions which appellant now apparently attacks were largely propounded on redirect examination, where the prosecutor incorporated the witnesses' earlier testimony in formulating his questions. We cannot say the trial court abused its discretion in allowing the form of these questions. Finding no error, we affirm the judgment of the trial court.

Affirmed.