Dennis Ray MATTHEWS *v.* STATE of Arkansas

CR 81-96                                    627 S.W. 2d 20

Supreme Court of Arkansas
Opinion delivered January 25, 1982

2

*William R. Simpson, Jr.*, Public Defender, by: *Steven R. Davis*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. After a trial by jury appellant, Dennis Ray Matthews, was convicted of rape and sentenced to 50 years in prison and to a fine of $15,000. On appeal appellant argues that the trial court erred in allowing identification testimony of appellant by the victim regarding (1) a previous photo lineup, (2) a previous physical lineup, and (3) an in-court identification. These arguments are without merit. We affirm.

On November 30, 1980, at approximately 5:00 a.m. appellant entered a Seven Eleven Food Store on West 65th Street, Little Rock. The victim was working alone as the store clerk. During the next 15 to 20 minutes appellant carried on a conversation with the victim and purchased two pieces of bubble gum. After the purchase appellant began questioning the victim about the burritos in the sandwich stand. Appellant then asked the victim about a sandwich that was not labeled so the victim walked to the sandwich

counter to look at it; on her way back to the register appellant grabbed her from behind and put a steak knife to her throat. He then took her to a secluded embankment behind the Seven Eleven Food Store and raped her. During the rape the victim noticed the knife was on the ground. She picked it up and threw it. After the rape, appellant ordered her to find the knife. She located the knife but tried to kick it away. And in doing so she stumbled and fell down a hill, breaking her knee. She hobbled to a nearby apartment complex where a group of teenagers found her.

Appellant alleges that the photographic lineup was suggestive and prejudicial and, therefore, that evidence of the victim's identification of him in the lineup should not have been admitted. Appellant claims prejudice because he was the only one wearing a jacket, because the side views of him were cut off, because his picture was slightly out of focus, and because the other suspects did not resemble appellant.

We cannot agree that the photo lineup was prejudicial. It consisted of six snapshots, all in color and all the same size. All the suspects were young white males of about the same age with hair color ranging from medium to dark brown. Side views of two other suspects besides the appellant were partially cut off. All of the suspects' pictures appear to be slightly out of focus. However, each of the suspects' features, including appellant's, are clearly distinguishable. The fact that appellant was wearing a jacket while the others were in shirts does not in itself make the photo lineup suggestive. In short, we see nothing suggestive or prejudicial about this photo lineup.

Appellant argues that the physical lineup conducted after the photo lineup was also so suggestive and prejudicial that the victim's identification of appellant at the lineup should not have been admitted into evidence. Appellant alleges prejudice because the other suspects did not resemble appellant, because appellant was the only suspect in both the physical and photo lineups, and because a defense attorney who was present at the lineup was not allowed to speak with appellant.

4

An examination of a photograph of the physical lineup reveals that all six suspects were young white males of about the same age, dressed alike, and had similarly colored hair of approximately the same length. Also, contrary to appellant's argument that appellant was by far the tallest, there does not appear to be a significant difference in the heights of the six suspects. In any event appellant's tallness was to his advantage because the victim apparently thought her assailant was somewhat shorter than appellant.

The fact that a defense attorney was at the lineup but was not allowed to speak with appellant or position him in the lineup is an insufficient reason to hold the lineup suggestive and prejudicial. The purpose of an attorney's presence at a lineup is to ensure the fairness of the procedure. At the time of the lineup the defense attorney did not object to the fairness of this lineup. And appellant has failed to show that he was in any way prejudiced by the fact the attorney was not allowed to speak with him or position him.

The fact that the appellant was the only participant in both lineups does not make the last lineup conducted suggestive or prejudicial. Appellant was identified in the first and second lineups both of which were properly conducted. There was no prejudice.

Appellant argues that because the two lineups were suggestive and prejudicial, the victim's in-court identification of appellant should have been suppressed. Since we have found both lineups to be without error, we cannot agree with this contention. Reliability is the linchpin in determining the admissibility of identification testimony for confrontations. *Manson* v. *Brathwaite,* 432 U.S. 98 (1977); *McCraw* v. *State,* 262 Ark. 707, 561 S.W. 2d 71 (1978).

The evidence in this case points to the reliability of appellant's identification. The victim testified that appellant remained in the store, which was well lighted, for 15 to 20 minutes before the rape, and did not attempt at any time to cover his face. During this time appellant carried on a conversation with her, and purchased bubble gum. It is clear from these facts that she had ample opportunity to observe

him. Furthermore, she testified that she had been trained to carefully observe people in the store.

The victim was at all times certain that appellant was her assailant. She testified that she recognized him immediately in the photographic lineup, and that she recognized him "right on the spot" at the physical lineup. At trial she stated that there was no doubt in her mind that appellant was her assailant. In viewing the totality of the circumstances, it is clear that the victim's identification of appellant was reliable.

Affirmed.