Keith Michael GLOVER *v.* STATE of Arkansas

CR 82-5                                633 S.W.2d 706

Supreme Court of Arkansas
Opinion delivered June 1, 1982

*William R. Simpson, Jr.,* Public Defender, by: *Richard E. Holiman,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of aggravated robbery and theft for the March 13, 1980 robbery of the McDonald's restaurant at 5000 West Markham in Little·Rock. For the aggravated robbery he was sentenced to 40 years imprisonment and was assessed a $5,000.00 fine and for the theft he was sentenced to 10 years imprisonment and was assessed a $5,000.00 fine. Jurisdiction is in this court under Rule 29 (1) (b). The sole designated point for reversal is whether the trial court committed error in admitting identification evidence from a pre-arrest lineup. We affirm the trial court.

The evidence established that appellant and an accomplice forced their way into the restaurant after closing hours while two employees were cleaning the interior of the building. They forced one of the employees to call a night manager, who had a key to open the safe, and tricked him into driving to the restaurant. The aggravated robbery and theft then occurred. Appellant and the accomplice were clearly observed by the employees for approximately 25 minutes. The police report described one of the robbers, who was later identified as appellant, as a white male, being twenty-five years old, standing six feet two inches tall, weighing one hundred sixty-five pounds, having blue eyes and light brown hair, being clean shaven and identifying in detail his clothing. Five days after the robbery appellant was placed in a pre-arrest lineup and was positively identified by two of the employees.

The appellant questions the validity of the identification procedure. There are usually two procedural steps involving identification evidence. First, the trial judge examines the procedure used at the lineup to determine if the evidence is admissible. Second, after the evidence has been ruled admissible, the jury weighs the reliability of the identification evidence under the instructions of the court. The appellant contends that the trial judge committed error in the first step and should not have admitted the identification evidence because it was (1) impermissibly suggestive and (2) was not relevant. We affirm the trial court.

The Supreme Court of the United States has ruled that a state criminal court is not required by the Due Process Clause of the Fourteenth Amendment to conduct a hearing out of the jury's presence whenever a defendant contends that a witness' identification was arrived at improperly. *Watkins* v. *Sanders,* 449 U.S. 341 (1981). Even though such a procedure is not constitutionally required we emphasize the prudence of such a hearing especially when, as here, the defendant has filed a motion to suppress. See *Wright* v. *State,* 258 Ark. 651, 528 S.W.2d 905 (1975).

At a hearing on a motion to suppress the trial judge must first determine the reliability of identification. The

judge must look to the totality of the circumstances to see if there is a likelihood of misidentification. *Beed* v. *State,* 271 Ark. 526, 609 S.W.2d 898 (1980). If there are suggestive elements in the identification procedure that make it all but inevitable that the victim will identify one person as the criminal, then the procedure is so undermined it violates due process. *Foster* v. *California,* 294 U.S. 440 (1969). It is the reliability of the evidence that is the linchpin in determining its admissibility. *Matthews* v. *State,* 275 Ark. 1, 627 S.W.2d 20 (1982). We do not reverse a trial judge's ruling on the admissibility of identification evidence unless it is clearly erroneous because it is a ruling on a mixed question of law and fact. *Beed* v. *State,* supra.

We have articulated several factors to be considered in assessing reliability. They include: prior opportunity of the victims to observe the crime and its perpetrator; the lapse of time between the crime and the lineup procedures; discrepancies between descriptions given the police and the defendant's actual description; the occurrence of pretrial misidentification; the certainty of the witness in identifying the accused; the facts and circumstances regarding the identification and all matters relating to the identification. *James and Elliott* v. *State,* 270 Ark. 596, 605 S.W.2d 448 (1980).

The lineup in this case was conducted on March 18, 1980, which was only five days after the robbery. The participants in the lineup, other than appellant, included two persons from lockup and three police officers. All were dressed in plain clothes. All were white males of approximately the same age. Although one of the participants was a little short of six feet, all were near the same height. Five had long or longish brown hair and the sixth had average length hair. At least two, and possibly three had a moustache but otherwise were clean shaven. Both police officers testified that they did not suggest who should be identified. The participants in the lineup may be fairly said to resemble the appellant.

Appellant contends that he did not have a moustache and yet two or three of those in the lineup had moustaches.

That factor is not sufficient to establish that the lineup was impermissibly suggestive, especially since the police had the description of appellant and his accomplice. One was described as being clean shaven without a moustache and the other clean shaven with a moustache. Until the appellant was identified the police had no way of knowing which alleged robber was being placed in the lineup.

We cannot say that the trial judge was clearly erroneous in holding that the lineup procedure was not impermissibly suggestive.

In appellant's second contention he admits that he was positively identified at trial and therefore, he argues, the extrajudicial identification was not relevant. We have frequently held that a prosecuting witness may testify that he saw or identified the defendant before or after the offense. *Cromwell* v. *State,* 269 Ark. 104, 598 S.W.2d 733 (1980); *Bishop* v. *State,* 236 Ark. 12, 364 S.W.2d 676 (1963); *French* v. *State,* 231 Ark. 677, 331 S.W.2d 863 (1960); *Birones* v. *State,* 105 Ark. 82, 150 S.W. 416 (1912). The pre-information identification is relevant.

Affirmed.