Charles I. WILSON *v.* STATE of Arkansas

CA CR 83-57                                657 S.W.2d 558

Court of Appeals of Arkansas
Division I
Opinion delivered September 28, 1983
[Rehearing denied October 26, 1983.]

*Gean, Gean & Gean,* by: *Roy R. Gene, III,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was convicted of aggravated robbery and burglary, and received a total sentence of fifteen years in prison.

Six points for reversal are urged by appellant. The points will be discussed in the order listed by appellant. We find no error in the trial court and we affirm.

Appellant's first point for reversal is that the trial court erred in denying his motion to suppress the in-court identification of appellant because it was the product of an unconstitutionally unreliable and suggestive out-of-court identification.

Testimony at trial indicated that the victim went to bed about 11:30 p.m. on the night of June 24, 1982. The next thing she recalled was the struggle with a black male which lasted anywhere from a half minute to a minute. Although there were no lights on in the bedroom the victim testified that she was able to see the appellant in her bedroom because of the streetlight at the corner of her apartment building. She testified that her assailant was sitting on her chest approximately two and a half feet from her face during the struggle in her bedroom. She testified that she could see his face clearly. Appellant was apprehended while walking across a field near the victim's apartment shortly after the assault, and was brought to the victim's apartment for her observation within five to ten minutes after the police were called. The victim identified appellant as her assailant while appellant sat in the police car.

The rule is that a confrontation between a victim and a suspect that takes place at a show-up rather than a lineup does not, without more, constitute a violation of constitutional rights. See *Manson* v. *Brathwaite,* 432 U.S. 98 (1977); *Mize* v. *State,* 267 Ark. 743, 590 S.W.2d 75 (1979). The *Mize* case was very similar to the instant case, in that the victim viewed the appellant in a police car very shortly after an assault took place. The assault had taken place in daylight and the prosecuting witness, having been encountered by the appellant very shortly prior to the assault, had ample opportunity to view appellant. The court held that from the totality of the circumstances there was no reasonable basis for contending that the show-up created a substantial likelihood of irreparable misidentification.

In the instant case, the prosecuting witness had ample opportunity to observe the appellant, and she testified that she could see his face clearly at the time of the assault and while he sat in the police car. As in *Mize,* when we view the totality of the circumstances we find no substantial likelihood of irreparable misidentification. It was important as a practical law enforcement procedure for the police to make a judgment as to whether appellant was the person to be held. The prosecuting witness testified that she saw her assailant's face clearly at the time of the assault, thus providing a basis

for her to reliably identify the appellant without reference to the in-custody view. See *Mize, supra.*

Appellant's second point is that the trial court erred in giving AMCI 2102, relating to aggravated robbery, as the instruction was inapplicable to the evidence presented at trial. The only issue on this appeal is whether or not the words, "or resisting apprehension immediately thereafter" should have been allowed into the instruction on the aggravated robbery charge, because that is the only objection raised by appellant in the trial court. It is well settled that an appellant may not change the grounds for his objection on appeal. *Ulmer* v. *State,* 253 Ark. 106, 484 S.W.2d 691 (1972). If an objection is made on one ground at trial, all other grounds are waived on appeal. *Williams* v. *State,* 270 Ark. 513, 606 S.W.2d 75 (Ark. App. 1980). The state argued to the trial judge that the contested words should be included, since appellant resisted apprehension while leaving the scene of the crime. Appellant argues with justification that there was no resistance of apprehension, and therefore this part of the instruction should not have been given.

It is a well settled rule of law that the trial court only commits reversible error when the appellant has been prejudiced by such. There is no indication here that appellant was prejudiced by this addition to the instruction and further, there is ample evidence to support a finding that appellant employed or threatened to employ physical force during the course of a theft in the victim's apartment. There is evidence in the record to show that money was taken from the victim's apartment, and that the assailant sat upon the victim, placed a pillow over her face, and was holding a knife.

Appellant's third point for reversal is that the trial court erred in denying his proposed instruction on identification.

Appellant argues that he was entitled to his requested instruction relating to identification on the strength of language employed by the Arkansas Supreme Court in *Glover* v. *State,* 276 Ark. 253, 633 S.W.2d 706 (1982), when the court stated that the jury weighs the reliability of the

identification evidence under the instructions of the court. The court, in *Glover*, however, did not say that a defendant is entitled to a specific instruction on identification. In *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980), the court observed that just because an offered instruction contains a correct statement of law does not mean it is error for a trial court to refuse to give it. In *Conley* the court also stated:

> At Conley's trial the court gave standard instructions on reasonable doubts and credibility of the witnesses. The victim testified that she was with her assailant for a period of approximately one hour, recognized his voice, and had an opportunity to see him. The defense counsel was able to argue to the jury the lack of accuracy and the weight to be given to her identification testimony.

In the instant case, the trial court gave the standard jury instructions on credibility, AMCI 104, and reasonable doubt, AMCI 110. Counsel for the appellant also argued to the jury his theories of the lack of weight to be given the identification.

Appellant's fourth point for reversal is that the trial court erred in denying his proposed instruction relating to character evidence. Appellant proffered a character evidence instruction which provided a detailed explanation of how the jury should treat evidence offered on defendant's good character. The trial court, instead, gave AMCI 204, which covered the issue of character. That instruction, as given at trial, is:

> If you find that the defendant is a person of good character you may take that fact into consideration in determining his guilt or innocence, but if you believe from all the evidence in the case beyond a reasonable doubt that the defendant is guilty you should so find, notwithstanding his good character.

In *Conley* v. *State, supra,* the Court stated:

If Arkansas Model Criminal Instructions (AMCI) contains an instruction applicable in a criminal case, and the trial judge determines that the jury should be instructed on the subject, the AMCI instruction shall be used unless the trial judge finds that it does not accurately state the law. In that event he will state his reasons for refusing the AMCI instruction. Whenever AMCI does not contain an instruction on a subject upon which the trial judge determines that the jury should be instructed, or when an AMCI instruction cannot be modified to submit the issue, the instruction on that subject should be simple, brief, impartial, and free from argument.

The trial court did not err in rejecting the particular instruction offered by appellant, as the subject was adequately covered by the AMCI instruction given by the court.

For his fifth point for reversal appellant urges that the trial court should have dismissed the jury panel as it did not represent a fair and impartial jury drawn from a cross section of the community. In support of his point, appellant provided the trial judge with a 1980 census for the State of Arkansas showing that minorities composed approximately 7% of the population of Fort Smith. The defendant specifically objected to the fact that there were no minorities present on the jury panel. In *Thiel* v. *Southern Pacific Co.,* 328 U.S. 217 (1946), the Court stated:

The American tradition of trial by jury, considered in connection with either criminal or civil proceedings, necessarily contemplates an impartial jury drawn from a cross section of the community.

It is not shown that a cross section of the community was not represented on the jury hearing this case simply because the jury panel did not include any individual representing a minority. A minority defendant is not entitled to have any minorities serve on his jury. *Conley* v. *State, supra.* Even if a panel is all white, a defendant must show a systematic exclusion of minorities. See *Williams* v. *State,* 278 Ark. 9, 642 S.W.2d 887 (1982). Further, the random selection process

does not guarantee a proportionate cross section or any proportionate number of any race on any given jury or jury panel. See *Ford* v. *State*, 276 Ark. 98, 633 S.W.2d 3 (1982).

Appellant has offered no proof of any systematic exclusion of minorities, and he had no legal right to a proportionate cross section of any race on his jury.

Appellant's final point for reversal is that the trial court erred in sustaining the state's objection to hearsay testimony. The state objected to the testimony of Charles Isaac Wilson, the defendant's father, when asked what Officer Hammond said to him. Appellant argued that the statement was the admission of a party to the action and, on proffer, indicated that the witness would have testified that Officer Hammond told him that there was no evidence against his son and that they did not have his fingerprints. Uniform Rules of Evidence, Rule 801 (d) (2). However, it has not been shown how appellant was prejudiced by the error, if any, of the trial judge in sustaining the state's objection. It is not clear from the proffer of proof when the statement was allegedly made by Officer Hammond. Counsel for appellant stated that "it was immediately after the burglary arrest." In the initial stages of the investigation, the police had no evidence of appellant's involvement in the incident except that he was in the vicinity. No evidence was obtained against appellant until his identification by the victim, and the fingerprints found at the scene were not identified by the Federal Bureau of Investigation until some weeks later. The statement by Officer Hammond, if made, in no way exonerates the defendant. All that the evidence revealed was that at that particular time the police had no evidence against appellant and no fingerprints.

We have long held that a judgment of conviction will be reversed for prejudicial errors only, and there has been no prejudicial error shown here. See *State* v. *Vowell*, 276 Ark. 258, 634 S.W.2d 118 (1982).

The judgment of conviction is affirmed.

COOPER and GLAZE, JJ., agree.