James R. COOK *v.* STATE of Arkansas

CR 84-63                                                  675 S.W.2d 366

Supreme Court of Arkansas
Opinion delivered September 17, 1984
[Rehearing denied October 22, 1984.]

*William R. Simpson, Jr.,* Public Defender, by: *Carolyn P. Baker,* Deputy Public Defender.

*Steve Clark,* Atty. Gen., by: *Jack Gillian,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of the aggravated robbery and kidnapping of Colleen Butler in Little Rock on July 10, 1983. Appellant was sentenced as an habitual offender to life imprisonment for the aggravated robbery and thirty years for the kidnapping. We affirm. Jurisdiction is in this court under Rule 29 (1)(b).

Appellant's first contention is that the identification procedures violated the Due Process Clause of the Fourteenth Amendment. There is no merit in the argument. There were two procedural steps involved in the ruling on the identification evidence. First, prior to trial, the judge examined the out-of-court identification to see if there were suggestive elements which made it all but inevitable that the victim would identify appellant as the perpetrator of the crime. This preliminary ruling is a ruling on a mixed question of law and fact and consequently we do not reverse the ruling unless it is clearly erroneous. *Glover* v. *State,* 276 Ark. 253, 633 S.W.2d 706 (1982). The second procedural step is the in-court identification.

The out-of-court identification at issue in this case was a lineup identification. The lineup consisted of six white males dressed in orange jumpsuits. The four in the middle were of a similar height and weight while the two on the end were taller and heavier. Counsel for appellant was present and, after objecting to the two taller men, noted that the lineup was physically fair.

Factors to be considered in testing the reliability of a lineup identification are set out in both federal and state law. *See Manson* v. *Braithwaite,* 432 U.S. 98 (1977); *Fountain* v. *State,* 273 Ark. 457, 620 S.W.2d 936 (1981); and *Glover* v.

*State, supra,* at 256, 633 S.W.2d at 708. These factors include the opportunity of the victim to observe the crime and its perpetrator; the lapse of time between the crime and the lineup; discrepancies between descriptions given the police and the defendant's true physical characteristics; the occurrence of pretrial misidentification; the certainty of the witness in identifying the accused; and the totality of the facts and circumstances regarding the identification. *Glover* v. *State; supra.*

The lineup in this case was conducted only three days after the crimes. The crimes occurred in broad daylight. The victim had ample opportunity to observe the perpetrator. As she started the engine of her parked car, a man stuck a gun in her face and told her if she screamed he would kill her. He forced her to drive him from Adams Field to downtown Little Rock. She observed his face in the rear view mirror for the fifteen to twenty minutes it took for the trip. The victim described the perpetrator as a dark complected caucasian, six feet tall, slender, with gray hair. She said that he wore glasses and a gray suit with a red plaid. The victim identified the appellant in a non-suggestive lineup, then identified him at the suppression hearing and later again identified him in court.

Although the victim described the perpetrator of the crimes as being six feet tall and appellant is only five and one-half feet tall, the description in other respects fits the appellant. The fact that she misjudged his height is easily understood. She was already seated in her car when he put the pistol to her face and he subsequently was seated behind her for the entire trip. When he got out of the car he told her not to look back. Under these circumstances, we cannot find that the trial judge's ruling was clearly erroneous in allowing the identification evidence, even though the victim was mistaken in appellant's height.

Appellant's second point of appeal is that the trial court unduly restrained his closing argument. A trial court has wide discretion in controlling the arguments of counsel. Rulings on argument will not be reversed except in cases of clear abuse of that wide discretion. *McCroskey* v. *State,* 271

Ark. 207, 213, 608 S.W.2d 7, 11 (1980). We find no abuse of discretion in this case. The appellant was initially charged with two counts of kidnapping and one count of aggravated robbery. The court granted appellant's motion to sever the second kidnapping charge and ruled that the state could not use evidence of the second kidnapping in this case. However, as a practical matter, the police had investigated both cases together and probable cause for the arrest was based on both cases. The appellant, in this case, had initially argued there was a lack of probable cause. At closing argument, appellant began to argue that the state had no evidence, other than the victim in this case, linking appellant to the charges in this case. The trial judge sustained the state's objection and, out of the hearing of the jury, commented that there was other evidence but, since the state could not bring it up, the appellant could not comment on it. Under these circumstances, we cannot say that the trial judge clearly abused his discretion to control closing argument.

Affirmed.

PURTLE, HAYS and HOLLINGSWORTH, JJ., concur.

JOHN I. PURTLE, Justice, concurring. I concur in the result but wish to point out a nonprejudicial error by the trial court which the majority fails to discuss. Appellant's counsel was proceeding to argue lack of evidence when the state objected on grounds he was trying to argue facts in a separate case which had been severed by agreement of the parties. I see nothing wrong with the argument because I see it as relating to the charge then being tried. The court may have correctly determined counsel was leading into improper argument but it was wrong to state to defense counsel, "If you proceed and you move for a mistrial, that's going to be in contempt of court. You know what the evidence is . . . well, from here on out, you're at your own peril." Such threat no doubt tended to chill defense counsel's action and could possibly have reduced his effectiveness. No prejudice was actually shown in this case.

HAYS and HOLLINGSWORTH, JJ., join in this concurrence.