Clarence HARRIS *v.* STATE of Arkansas

CA CR 84-138 689 S.W.2d 353

Court of Appeals of Arkansas
En Banc
Opinion delivered May 15, 1985

*Gannaway, Darrow & O'Bryan*, by: *Joe O'Bryan*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joyce Rayburn Greene*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. The appellant was convicted in a non-jury trial of the crime of rape. He was charged under Ark. Stat. Ann. § 41-1803(1)(c) (Repl. 1977) which provides that engaging in deviate sexual activity with a person less than eleven years old constitutes rape. At the time of trial on January 30, 1984, the appellant was 76 years old. He was sentenced to ten years in the Arkansas Department of Correction.

Appellant's first argument is that the evidence is not sufficient to support his conviction. One definition of deviate sexual activity is "any act of sexual gratification involving the penetration, however slight, of the anus or mouth of one person by the penis of another person." Ark. Stat. Ann. § 41-1801(1)(a) (Repl. 1977). There is evidence in this case that on the day the offense occurred, the appellant was at a house across the street from where a little boy and his sister and mother lived. The boy, who lacked a month being ten years old, had known the appellant for some time and had gone places with him on previous occasions. On the day involved, the boy asked appellant if he could go home with him. The appellant told the boy he would have

to get permission. The boy's mother was working, but he got permission from his 16-year-old sister to go home with appellant.

The boy testified that he fixed and ate some breakfast after they got to appellant's house, and the appellant then led him into a bedroom where appellant took the boy's shirt off and pulled his pants down. The boy also testified that appellant put his mouth on the boy's penis and then had the boy do the same to him. At this time the boy's sister and a lady friend of hers knocked on appellant's door. They testified that when the boy and appellant came to the door, the boy's shirt, shoes, and socks were off and he was wearing only his trousers. It was also their testimony that the appellant's pants were unzipped and his belt unbuckled. After some words with the appellant, the sister and her friend took the boy home.

 Basically, appellant contends that the evidence is not sufficient to permit a finding that there was penetration as required by the statute. He admits that there was evidence of sexual contact, but not penetration. However, when asked if the appellant placed his mouth *over* the boy's penis, the boy said, "Yes, sir." In *Hoggard* v. *State*, 277 Ark. 117, 640 S.W.2d 102 (1982), the court said evidence that the accused put the child's penis in the accused's mouth was sufficient to show the commission of rape by deviate sexual activity. On appeal in criminal cases, we view the evidence in the light most favorable to the appellee, *Phillips* v. *State*, 271 Ark. 96, 607 S.W.2d 664 (1980) and, whether tried by judge or jury, we will affirm if there is substantial evidence to support the finding of the trier of fact, *Holloway* v. *State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Surridge* v. *State*, 279 Ark. 183, 650 S.W.2d 561 (1983). We think there was substantial evidence to support the court's finding in the present case.

Appellant's second point is that the trial judge erred in holding that the appellant was not eligible for probation. Although both defense counsel and the prosecutor indicated their agreement that some form of probation would be proper, the judge sentenced appellant to ten years and said, under the acts of the Arkansas Legislature, he had no power to suspend the sentence or grant probation.

█ We think the court was correct. Ark. Stat. Ann. § 41-1803(2) (Supp. 1983) provides that rape is a class Y felony. Section 41-803(1) (Supp. 1983) states that sentencing must be in accordance with that article and subsection (3) requires that a defendant convicted of a class Y felony be sentenced "to a term of imprisonment in accordance with Chapter 9." That chapter contains sections 41-901 through 41-904, and section 41-901(1)(a) (Supp. 1983) provides that the sentence for a class Y felony shall be not less than ten years imprisonment nor more than 40 years or life.

The appellant argues that Ark. Stat. Ann. § 41-1201 (Repl. 1977) allows a suspended sentence or probation unless the defendant is convicted of capital murder, murder in the first or second degree, *first degree rape*, kidnapping or aggravated robbery. Appellant further contends that because of the adoption of the Arkansas Criminal Code the old crime of first degree rape, as provided by Act 362 of 1967, *see* Ark. Stat. Ann. § 41-3401 (Supp. 1967), was not in effect at the time of the occurrence of the offense for which he was convicted. Thus, appellant argues, he was not convicted of first degree rape and under Ark. Stat. Ann. § 41-1201, *supra*, he could be granted a suspended sentence or probation.

█ This argument overlooks Ark. Stat. Ann. § 41-803(3), *supra*, which provides that a defendant convicted of a class Y felony *must* be sentenced to imprisonment under Chapter 9. Therefore, he *cannot* be given a suspended sentence or probation under section 41-1201 which is a part of Chapter 12, and the trial court was correct in stating that he had no power to grant appellant a suspended sentence or probation.

Affirmed.

COOPER and GLAZE, JJ., concur.

TOM GLAZE, Judge, concurring. Appellant argues for the first time on appeal that the trial court should have considered alternative sentencing under § 41-1201 (Repl. 1977), even though "first degree" rape which is mentioned in § 41-1201 is an offense precluded from such sentencing considerations. He reasons that "first degree" rape is different from the crime of rape with which he was charged and convicted under Ark. Stat. Ann. § 41-1803 (Supp. 1983). By way of explanation, first-degree rape

was previously defined under Ark. Stat. Ann. § 41-3401 (Supp. 1973), which limited the offense to be by a male against a female. The new § 41-1803, as amended, omitted the words "first-degree," and broadened the definition of rape to eliminate the gender-based element to cover other deviate sexual acts which were previously classified as sodomy. *Hoggard* v. *State*, 277 Ark. 117, 640 S.W.2d 102 (1982). The General Assembly, however, never amended § 41-1201, the alternative sentencing statute, to delete the words "first degree" in front of the word "rape." Thus, appellant argues the offense with which he was convicted—rape, not first-degree rape—is not excepted under § 41-1201, and as a consequence, the trial court could have given appellant a probated sentence or suspended imposition of his sentence. In other words, appellant urges on appeal that the trial court was not mandated to give him the minimum ten-year sentence required for first degree rape under Ark. Stat. Ann. § 41-901(1)(a).

The State argues that although § 41-1201 was never amended to correlate with the new rape law, § 41-1803, the General Assembly's *intent* in passing § 41-1803 was to make sure that offenders convicted of those serious crimes served their sentences. The State's argument is consistent with Ark. Stat. Ann. § 41-803(5) (Supp. 1983) which reflects that the court may suspend imposition of sentence or place the defendant on probation pursuant to §§ 41-1201 *et seq.* when the defendant is guilty of an offense *other than* capital murder, treason, *a Class Y felony* or murder in the second degree. Rape, under the new § 41-1803 is a Class Y felony.

To reach and decide the merits of the issue argued by the appellant and the State, this Court must interpret statutes §§ 41-803, -1201 and -1803. This statutory interpretation is necessary not only because § 41-1803 was amended in 1981 as reflected hereinabove, but also because § 41-803 was amended in 1981. To decide this case as it does, the majority court—although it fails to say so—has ruled § 41-803, as amended, modified or amended § 41-1201 by implication. While I might agree with such rationale, that is an issue which exclusively is within the Supreme Court's jurisdiction under Rule 29. Because this case clearly is one of first impression and involves statutory interpretation to decide it on its merits, I suggested unsuccessfully this case be certified to the Supreme Court. Aside from the jurisdiction question, it is doubtful in my mind, at least, exactly what precedential value the

majority decision has. I would say none.

In conclusion, I have little doubt that the statutory interpretation issue decided by the court did not have to be reached. Therefore, I would affirm this decision on a basis clearly within our power, *i.e.*, the theory now urged by the appellant on appeal is different from that presented below. As we have said so often, an appellant may not change the grounds for his objection on appeal, and if an objection is made on one ground at trial, all other grounds are waived on appeal. *Wilson* v. *State*, 9 Ark. App. 213, 657 S.W.2d 558 (1983). Appellant's argument concerning alternative sentencing under § 41-1201 was never presented below and we should affirm the cause for that reason.

JAMES R. COOPER, Judge, concurring. I disagree with Judge Glaze that the matter of alternative sentencing is being raised for the first time on appeal.

After the judge found the appellant guilty, he inquired as to whether either side had anything additional to present. The appellant's attorney advised the court that the appellant was now away from children, that the appellant's health was bad, and that the appellant was not opposed to counseling. Counsel observed that, in light of the appellant's age (he was 76) any incarceration would be ill-advised. Counsel then stated that "I would ask the Court to consider his age and what he has tried to do so that this likelihood would not or could not re-occur." The prosecutor then noted that the family of the victim did not wish to see the appellant spend the rest of his life in jail, but that they did want his activities to be supervised, that he seek counseling, and stay away from small children. The judge then noted that the court had no power to suspend the sentence because of the actions of the legislature.

Although the appellant's attorney did not use the magic words, "suspend imposition of sentence" or "suspended sentence", it is obvious to me that both attorneys and the trial judge knew that what was being discussed was some form of alternative sentencing, with conditions which would include supervision and counseling.

I think the issue of alternative sentencing was properly raised before the trial court, is properly before us, and involves the application, rather than interpretation, of the relevant statutory

provisions, although I concede that the concepts of "application" versus "interpretation" is elusive.