Keith Emory MOSER *v.* STATE of Arkansas

CR 85-102                                    696 S.W.2d 744

Supreme Court of Arkansas
Opinion delivered October 7, 1985

*William R. Simpson, Jr.*, Public Defender, and *Jerry Sallings*, Deputy Public Defender, by: *Donald K. Campbell*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The sole assignment of error in this case is that the trial court improperly admitted evidence of appellant's identification before trial. We find no error and affirm the convictions for rape, burglary, and breaking and entering.

Identification proceedings customarily involve two steps. First, the trial judge is required to examine the before-trial identification procedure so that he can rule on whether that procedure was impermissibly suggestive or unreliable in any manner. If the trial judge finds that it was not impermissibly suggestive or unreliable, the second step is taken. In the second step, the jury weighs the evidence under the instructions of the court. Both steps were taken in the case at bar, and the appellant was found guilty. He argues that the trial judge committed error in step one because the identification evidence was (1) impermissibly suggestive and (2) unreliable.

If there are suggestive elements in the before-trial identification procedure that make it all but inevitable that the victim will identify one person as the criminal, the procedure is so

undermined that it violates due process. *Foster* v. *California*, 394 U.S. 440 (1969); *Glover* v. *State*, 276 Ark. 253, 633 S.W.2d 706 (1982). There were no such suggestive elements in this case.

On the morning after the crimes were committed, the police asked the prosecutrix to look through a filebox of facial photographs to see if she could identify her assailant. Appellant's photograph was not in the group of pictures. The prosecutrix said that her assailant's photograph was not among those that she had examined. Four days later, according to the police, appellant's photograph was placed in a group of six photographs for the prosecutrix to examine. The prosecutrix saw the appellant's picture and told the police, "This is the man." The six pictures did not suggest the appellant as the criminal. Each picture was of a young caucasian man with dark skin, dark hair, and dark eyes. Additionally, four of the six, including appellant, had moustaches. None of the testimony suggests that the police tried to influence the prosecutrix's identification of appellant.

The appellant points out that the police description of the photospread and the prosecutrix's description are not the same because she thought she looked at twenty or twenty-five photographs on the occasion she identified the appellant's photograph. This discrepancy in the number of photographs does not indicate that the photospread was impermissibly suggestive. Instead, it goes to the credibility of the witnesses. *See Harrison* v. *State*, 276 Ark. 469, 637 S.W.2d 549 (1982).

The appellant next argues that the before-trial identification was unreliable. Among the factors which may be considered in determining whether identification testimony is reliable are: opportunity to observe the person charged with the crime; the lapse of time between the crime and the identification; the occurrence of misidentification; discrepancies between the descriptions given the police and the accused's actual description; the certainty of the witness in identifying the accused; the facts and circumstances regarding the identification and all matters relating to it. *Glover* v. *State, supra.*

The prosecutrix testified that she was awakened around 3:00 a.m. by the squeaking of her bedroom floor. She saw an intruder and started to get up. He hit her in the mouth and said, "You know what I want." He spent the next 15 to 20 minutes

raping her.

The prosecutrix testified that a light with a 100-watt lightbulb was burning in the adjoining room. The wall between the two rooms was a lattice partition with two-inch holes in it. Therefore, the prosecutrix had sufficient time and light to view her assailant; she identified a photograph of him only four days after the crime, and she was certain in the identification. A trial court's ruling on the admissibility of identification evidence will not be reversed unless it is clearly erroneous. *Kellensworth* v. *State*, 278 Ark. 261, 644 S.W.2d 933 (1983). The trial court's ruling was not clearly erroneous.

Affirmed.

PURTLE, J., not participating.