Deborah BARNETTE *v.* ALLEN CANNING COMPANY

CA 94-649                                         896 S.W.2d 444

Court of Appeals of Arkansas
Division I
Opinion delivered April 5, 1995

*Walters, Hamby & Verkamp*, by: *Michael Hamby*, for appellant.

*Davis, Cox & Wright*, by: *Laura J. Andress*, for appellee.

JOHN B. ROBBINS, Judge. The appellant, Deborah Barnette, appeals the Workers' Compensation Commission's decision that she is not entitled to any temporary disability benefits beyond January 25, 1993. Ms. Barnette argues that there is no substantial evidence to support the Commission's finding that, after this date, she unjustifiably refused employment suitable to her capacity. We agree and reverse.

■■ When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Phillips* v. *State*, 271 Ark. 96, 607 S.W.2d 664 (1980). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

In the case at bar Ms. Barnette suffered a compensable shoulder injury while employed as a capper at Allen Canning Company on May 27, 1992. She continued to work light duty until June 30, 1992, at which time she terminated her employment. Ms. Barnette underwent surgery in December of 1992, and her doctor released her to any duty involving one hand on January 25, 1993.

Allen Canning Company paid and continues to pay medical bills incurred as a result of Ms. Barnette's injury and it paid temporary total disability benefits through February 11, 1993. However, it controverted Ms. Barnette's claim for additional temporary disability benefits until a date yet to be determined. In denying this claim, the Commission relied on Ark. Code Ann. § 11-9-526 (1987), which provides:

> If any injured employee refuses employment suitable to his capacity offered to or procured for him, he shall not be entitled to any compensation during the continuance of the refusal, unless in the opinion of the commission, the refusal is justifiable.

Specifically, the Commission found that Ms. Barnette was capable of performing light, one-handed duty after January 25, 1993, and that subsequent to this date she unjustifiably refused employment offered by Allen Canning Company which was within her physical restrictions.

Sharon Moore, a supervisor at Allen Canning Company, tes-

tified that Ms. Barnette was absent from her employment in June of 1992 due to personal problems. When Ms. Barnette came back to work and inquired about her job, she was told that she was no longer employed but that she could reapply. From that point forward, there was apparently no contact between Ms. Barnette and her former employer regarding possible employment. Ms. Moore stated, "I have always been willing to put Debbie back to work on the pick line if she would come in and inquire about it." She also stated, "I could still use her today if she wanted to do that type of work."

Although Ms. Moore suggested that Ms. Barnette might be rehired if she reapplied for a light-duty job, this does not constitute an offer of employment as contemplated by Ark. Code Ann. § 11-9-526 (1987). There is no evidence that, after Ms. Barnette was released to one-handed duty on January 25, 1993, she was ever contacted by Allen Canning Company and offered a job. Because Ms. Barnette was never offered a job, we find that there is not substantial evidence to support the Commission's finding that Ms. Barnette unjustifiably refused employment suitable to her capacity. Therefore, we reverse and remand for the Commission to make an appropriate award of benefits.

PITTMAN and COOPER, JJ., agree.