KANSAS CITY SOUTHERN RAILWAY COMPANY v. SHORT.

Opinion delivered May 13, 1905.

1. APPEAL—QUESTION NOT RAISED.—Where, in a suit against a carrier for conversion of bales of cotton, evidence was admitted without objection as to the value of middling cotton, but no evidence was introduced as to the grade of the cotton converted, the defect of proof was not raised by assignments in the motion for new trial to the effect that the verdict was not supported by the evidence, and that there was no proof of the value. (Page 346.)

2. SAME—WAIVER OF ERRORS.—The excessiveness of the damages awarded is waived by failure to assign it as one of the grounds in the motion for new trial. (Page 347.)

Appeal from Little River Circuit Court.

JAMES S. STEEL, Judge.

Affirmed.

*S. W. Moore* and *Read & McDonough,* for appellant.

HILL, C. J. This is an action by appellee against appellant railroad company for conversion of four bales of cotton, and

the issue contested in the lower court was whether appellee
was the owner of the cotton. The counsel for appellant frankly
admit that they lost that issue before the jury, and do not ask
the court to review the jury's action, and merely present on
this appeal the sufficiency of the evidence to show the market
value of the cotton. The appellee stated that he did not know
the grade of the cotton. He testified that he paid 2 1-2 cents
per pound for the cotton as seed cotton, and when he got 1,500
or 1,600 pounds would then have it ginned into a bale. He
said the bales were medium size, and would probably weigh
500 pounds. Another witness said middling cotton was the basis
for the market value of cotton, and he put the value of middling
at the time in question at Ashdown (the place of conversion)
at 7 1-2 cents. Other witnesses, a cotton buyer and a mer-
chant, put the price of middling cotton at Ashdown at the time
of the conversion at 8 cents    There was no objection to this
evidence, and none in opposition to it. The appellant might well
have objected to the price of middling cotton being shown until
the grade of this cotton was shown, or offered to be shown, to be
middling, or of a grade from which the value could be ascertained
from that basis. The court instructed the jury in the first instruc-
tion if they found the wrongful appropriation of the cotton
then to find its value as shown by the proof. The appellant asked
and the court gave an instruction that, before the plaintiff (appel-
lee) could recover, he must prove by a fair preponderance of
the evidence the market value of the cotton at the time of the tak-
ing. The course of the testimony indicates an assumption that
this was middling cotton. Had the question of the inapplica-
bility of the price of middling been raised in the trial court by
an objection to the evidence on that ground, it could, and doubt-
less would, have been met with the connecting evidence. The
case was tried on another issue, and it appears that this was
but an incident, which is now raised for the first time. Treat-
ing this as applicable evidence, then, a verdict for 8 cents per
pound is fully sustained; but the verdict is for $20 more than
that basis, being for $180. This question, however, was not
raised in the motion for new trial. The motion for new trial
assigns these errors: "The verdict is not supported by the
evidence." "VIII. The court erred in submitting the case to

the jury, since there was no proof of the value, and no proof that cotton was converted by the defendant, and no proof that the alleged taking occurred in Little River County, Arkansas." The other grounds are abandoned, and it is not necesseary to set them forth.

Now the argument is made: "There is a total failure of proof as to the grade of the cotton in controversy. There is also a total failure to show what the cotton was worth." As heretofore indicated, there was sufficient evidence for the jury to find the value to be $160, and the amount above that is excessive, but the assessment of excessive damages is specifically made ground for new trial. Kirby's Dig. § 6215. The cases are too numerous for citation that errors not assigned in the motion for new trial are waived. The court could and doubtless would have corrected this error in the lower court; but whether it would or not, this court will not correct it until the lower court is first invited by the motion for new trial to do so, and then given the opportunity. The excessive feature is not urged now, and is merely developed in the examination of the challenged evidence.

Finding no reversible error, the judgment is affirmed.