PAYNE v. MOSLEY.

4-6780                                   162 S. W. 2d 889

Opinion delivered June 15, 1942.

R. H. Peace, for appellant.

L. B. Smead, for appellee.

HUMPHREYS, J.   Appellees are father and son.   The father brought suit on March 19, 1941, against appellant in the municipal court at Camden, Arkansas, for damages to his automobile, injuries to himself and amount expended for physicians' services to his son in the total sum of $175 and, as next friend of his son, $100 on account of injuries to him growing out of a collision between his and appellant's automobiles through the alleged negligence of appellant in driving his (appellant's) car into the intersection of two streets in the town of Bearden, Arkansas.   Appellant filed an answer denying each material allegation of the complaint and pleading contributory negligence on the part of appellee, John Mosley, as the sole and only proximate cause of the injuries complained of.

The trial resulted in a verdict and judgment in favor of John Mosley against appellant for $75 and a verdict and judgment in favor of John Mosley, Jr., by his next friend, John Mosley, in the sum of $100, from which verdicts and judgments an appeal has been duly prosecuted to this court.

Appellant's first contention for a reversal of the verdicts and judgments is that there is no substantial evidence to support them.

Appellee, John Mosley, testified that he was going north on the Holly Springs road and entered the intersection of that road with a cross-road in Bearden and was on his own side of the road in the intersection when appellant entered the intersection from the east and struck the front side of his automobile, or front fender, and knocked his car into the northeast corner of the intersection, and broke out the windshield, tore up his radiator and smashed the headlights to his damage in the sum of $75; that he received bruises and cuts over

his body for which he claims no damages, and that his son received severe cuts and bruises to his head and that on that account he was compelled to pay $25 to the physicians who dressed his wounds for which he claims damages in that amount; and that he claims damages as the next friend of his son on account of the personal injuries to his son in the sum of $100; that at the time of the collision appellee, John Mosley, was in the exercise of ordinary care for his own safety and the safety of his son.

Appellee testified that he entered the intersection before appellant did and did not apprehend that appellant would enter the intersection until he was out of his way, but that appellant came into the intersection and negligently and unnecessarily ran into his car before he could get out of the way; that when he realized appellant was approaching him, he turned to the right to avoid the collision, but his car was struck before he could do so; that he expended for repairs on his car the sum of $47.75 and $25 to the physicians for services they rendered to his son; that his son's injuries were very painful and that it was about a month before he recovered; that the gash or cut received by his son on his head was several inches long and that his son has a scar on his head as a result of the injury; that his son is entitled to $100 damages on account thereof.

Appellee was corroborated as to his version of the collision by Red Crawford whose testimony is, in substance, that he was standing on the porch of a warehouse about fifty yards from the intersection; that John Mosley was going toward Holly Springs and entered the intersection first; that appellant and appellee, John Mosley, came together about the center of the intersection; that John Mosley was traveling on his right side; that they wound up in the northeast corner of the intersection; that John Mosley's car had entered the intersection when he first saw him, and that appellant was fixing to enter the intersection when he first saw his car; that John Mosley was clear up in the intersection when he saw his car, and that after he was up in there he noticed appellant's car at the outside of the intersection; that John

Mosley got to about the center when appellant was coming into the intersection, and that John Mosley turned over to the right and tried to avoid the collision; that they struck past the center line, but that he could not give the exact number of feet.

Appellant and his sister, who was riding with him on the front seat, both testified that they entered the intersection before John Mosley did, and that John Mosley then came into the intersection and ran into appellant's car. Appellant further testified that he did not stop because he felt that he had the right-of-way, having entered the intersection first.

The evidence as to which entered the intersection first and which had the right-of-way was in sharp conflict, and the jury under correct instructions concluded that appellant was to blame for the collision and resulting injuries to appellees.

We cannot agree with appellant that the undisputed evidence shows that appellee, John Mosley, was to blame for the collision. To say the least of it as to which one was to blame under the conflicting testimony was a jury question. The jury has found that appellant was to blame, and there is substantial evidence in the record to sustain the verdicts of the jury.

Appellant contends that the verdict in favor of John Mosley for $75 is contrary to the undisputed evidence for the reason that the cost of repairs was $47.75, and that the amount paid the physicians was $25, and the total amount is $72.75 instead of $75 for which the jury returned the verdict in favor of appellee, John Mosley. It is true the undisputed evidence shows that the two items amount to $72.75, and that the two items became the basis for the jury verdict. It is apparent that the jury made a mistake in adding the two amounts. The difference is so little that we think the mistake may be corrected without injury to appellant by reducing the verdict of $75 to $72.75, so the verdict and judgment in favor of John Mosley is modified to that extent and, as modified, is affirmed.

Appellant also contends that the court instructed that the measure of damages would be the difference between the market value of the automobile before and the market value after the collision. It is argued by appellant that there is no evidence in the record as to the market value of the automobile before and after the collision, but we think the jury was warranted in finding the cost of the repairs represented the difference between the market value of the car before and after the collision.

Appellant also contends for a reversal of the verdict and judgment in favor of John Mosley, Jr., because the court instructed the jury that, "if John Mosley, Jr., while in the exercise of reasonable care on his own part, received injuries, and the proximate cause of those injuries was negligence upon the part of the defendant (appellant), as alleged in the complaint, then John Mosley, Jr., would be entitled to recover, regardless of the fact that you may or may not find that the plaintiff, John Mosley, Sr., (appellee) was negligent."

Irrespective of whether the instruction was erroneous it was harmless for the reason both in finding for John Mosley, Jr., and John Mosley, Sr., the jury found that John Mosley, Sr., was not guilty of negligence.

The judgment is, therefore, affirmed in favor of John Mosley, Jr., by his next friend, and the judgment in favor of John Mosley is reduced to $72.75, and as modified is affirmed.