J. E. BASS and Nellie G. BASS *v.* Gregory J. KOLLER and Vivian Wendy KOLLER, Husband and Wife

82-51                                            632 S.W.2d 410

Supreme Court of Arkansas
Opinion delivered May 10, 1982

*N. D. Edwards,* for appellants.

*William M. Cromwell* of *Rose, Kinsey & Cromwell,* for appellees.

JOHN I. PURTLE, Justice. Appellees filed suit in the Circuit Court of Crawford County, Arkansas, seeking damages from appellants alleging expressed and implied warranties in that certain construction was not done in a workmanlike manner. They also alleged that a concrete parking apron extended two feet over onto the adjacent lot thereby creating a breach of the warranty deed which was executed to the appellees by the appellants. The trial court, sitting as trier of fact, found the appellees had been damaged in the amount of $594.30 for breach of expressed and implied warranties contained in the warranty deed. The court further gave the appellees judgment in the amount of $500 to compensate them for damages sustained to the driveway located at their residence.

On appeal the appellants argue (1) there is insufficient evidence to support the judgment based upon implied warranty; (2) the appellees failed to use reasonable care to mitigate damages which could have been avoided; (3) there is no evidence that title to the lot had failed or that there had been a breach of warranties in the deed; and, (4) the wrong measure of damage was used in determining damages for breach of warranty. The appellees filed a cross-appeal alleging the judgment was inadequate in view of the testimony and evidence presented to the trial court. We affirm in part and reverse and remand in part.

Appellant J. E. Bass is a builder and developer, having been in the business about 20 years. He built the house in question, including the concrete slab parking pad. Appellees obtained title to the property through a warranty deed from appellants dated February 9, 1978. The deed conveyed lot 10, Kimberling Hills II Addition to the city of Alma, Arkansas. On January 18, 1979, the appellees complained to appellants that water was washing the fill from underneath the parking pad constructed on the property. The appellants thereafter returned to the property and constructed a concrete catch basin to stop the erosion in the area where the pipe went underneath the slab to drain off surface water. Appellees added gutters and drain pipes to the house and one drain was located near the entrance to the pipe extending underneath the concrete pad. Apparently, appellees had removed the concrete basin and placed other materials in the area.

On November 28, 1978, the appellants caused a survey of lot 10 to be made and it revealed the parking pad extended two feet onto lot 9. Appellees then purchased lot 9 in order to insure the use of the last two feet of the parking pad.

Appellants argue there is insufficient evidence to support a judgment based upon implied warranty. They also argue that the pad is still in the place it was constructed and serving the purpose for which it was intended. They argue the appellees caused their own damage by not taking the necessary steps in order to prevent erosion underneath the parking pad. It is argued that had the appellees performed their duty to mitigate damage by constructing step walls as water barriers it would have cost between $30 and $50. Appellants argue that there is no evidence that title to lot 10 or any part thereof had failed and that the judgment based upon breach of warranty to real property is unsupported by any evidence. Appellants further argue that the court used the wrong measure of damages in setting the amount for breach of warranty in regard to the concrete pad extending two feet over onto another lot.

Appellees argue that appellants waived their argument for additional damages because ARCP Rule 50 (e) requires

that a motion for new trial based upon insufficiency of the evidence is waived unless it is preserved through a motion at the close of all the evidence or in a motion for new trial. Rule 50 (e) reads as follows:

> When there has been a trial by a jury, the failure of a party to file a motion for directed verdict at the conclusion of all the evidence, or a motion for judgment notwithstanding the verdict, or a motion for new trial because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

This is the first time we have been called upon to rule as to whether Rule 50 (e) is applicable to a nonjury trial. We are of the opinion that the rule means exactly what it says. Prior to the adoption of this rule there was a requirement that the matters stated in Rule 50 (e) applied both to a jury and nonjury trial. Therefore, we hold that the rule applies only to trials held before a jury. In specifically stating that the rule applies to a jury trial, the rule by implication excludes cases tried to the court without a jury. Therefore, the doctrine of *expressio unius est exclusio alterius* applies. We hold that the appellants did not waive the right to question the sufficiency of the evidence in this case.

Appellees also argue that ARCP Rule 59 (a) (5) requires a motion for a new trial to be made when it is thought that there has been an "error in the assessment of the amount of recovery, whether too large or too small." Having already decided that the provisions of Rule 50 (e) are inapplicable to a nonjury trial we hold that it was not error for the appellants to appeal the court's order based upon the alleged error in assessment of the amount of recovery.

As to the cross-appeal, appellees relied upon their own interpretation in regard to the rules and, therefore, abandoned any informative discussion, and in essence abandoned the cross-appeal. Hence, we will not deal with it here.

Turning to the merits of appellants' argument on appeal, the evidence clearly shows that there was no breach

of warranty in executing the deed to lot 10. It is undisputed that appellees received all of the property described in the deed conveying lot 10 to them. Since appellees were willing to accept the deed to the lot without a survey at the time of the sale, they cannot at this time prove damages merely because the parking pad extended two feet onto lot 9. There simply has been no failure in the deed to lot 10. There is no evidence that appellants warranted that the pad was constructed entirely on lot 10. Therefore, we hold that the trial court was in error in assessing damages based upon the failure of the warranties contained in the deed to lot 10.

It is a well-developed concept in Arkansas that in regard to the sufficiency of proof we are required to view the evidence in the light most favorable to appellees and are bound to affirm if any substantial evidence exists. *Hamlin Flying Service* v. *Breckenridge,* 275 Ark. 188, 628 S.W.2d 312 (1982). We cannot say as a matter of law that there was not substantial evidence to support the decision of the trial court as it relates to breach of warranties concerning the parking pad.

The judgment as to the damages for the improper installation of the drainage pipe is affirmed. The judgment as to the damages for the breach of warranty on lot 10 is reversed and dismissed. Appellees' argument on cross-appeal has been abandoned. Therefore, the case is affirmed in part and reversed in part and remanded to the trial court with directions to proceed in a manner consistent with this opinion.

Affirmed in part; reversed and remanded in part.

ADKISSON, C.J., dissents.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority has held that in a non-jury trial a party can raise the issue of the sufficiency of the evidence for the first time on appeal. I cannot agree.

In a jury trial a party who fails to question the sufficiency of the evidence in a motion for a new trial waives

his right to do so on appeal. Rule 50 (e), ARCP, Ark. Stat. Ann., Vol. 3A (Repl. 1979); *Kansas City Southern Railway Co.* v. *Short,* 75 Ark. 345, 87 S.W. 640 (1905). This rule is equally applicable to non-jury trials. *See Doup* v. *Almand,* 212 Ark. 687, 207 S.W.2d 601 (1948).

Rule 59 (a), ARCP, Ark. Stat. Ann., Vol. 3A (Repl. 1979), lists insufficient evidence as a basis for a motion for a new trial and states:

> On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

It is clear from this language that the sufficiency of the evidence may be raised in a motion for a new trial in non-jury trials. We have repeatedly held that this Court will not consider error raised for the first time on appeal. *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980).