Danny M. SIPES d/b/a Little Rock Moving Company, and Eldredge WILLIAMS v. Mollie MUNRO

85-131                                          697 S.W.2d 905

Supreme Court of Arkansas
Opinion delivered October 28, 1985

*Moses, McClellan & McDermott*, by: *Harry E. McDermott, III*, for appellant.

*Haley, Polk, & Heisler, P.A.*, by: *Edward J. Bisno*, for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Danny Sipes d/b/a Little Rock Moving Company, owned a fifteen foot bob truck which appellant Eldredge Williams was driving west on Highway 70 on December 10, 1983. At a point described as 20 to 30 minutes east of Hot Springs, Williams realized that he had passed the side road where he should have turned off, and he decided to turn around. It was dark and raining. He turned left into a driveway and then backed out onto the highway in order to turn back toward the east. At this time, appellee, Mollie Munro, was approaching from the east.

Appellee's automobile struck the truck while it was still partially backed across the highway. She testified that the truck had no visible lights and that she could not see it until it was too late to stop. She further testified that it cost her $963.63 to repair the car.

The suit was tried to the court. Appellant Williams was found negligent, and that negligence was imputed to appellant Sipes. Appellee Munro was found to have suffered $963.63 in property damages as a direct result of appellants' negligence. We affirm the decision.

Appellants' first point of appeal is that there was not sufficient evidence of the value of appellee's car, before and after the accident, to sustain the award of $963.63 in damages.

Appellee replies that appellants cannot raise the point on appeal since they did not move for a directed verdict at trial. Appellants may raise the point. ARCP Rule 50(e) provides that failure to file a motion for a directed verdict constitutes a waiver of the right to question the sufficiency of the evidence. Rule 50(e), however, applies only to jury trials. In a non-jury trial it is not necessary to move for a directed verdict in order to test the sufficiency of the evidence on appeal. *Bass* v. *Koller*, 276 Ark. 93, 632 S.W.2d 410 (1982). While the 1984 amendment to Rule 50(a) specifies the manner of questioning the sufficiency of the evidence in a non-jury trial, that amendment had no effect on the provisions of Rule 50(e).

■■ Even though the point may be raised, it is without merit. Appellee Munro testified that it cost her $963.63 to repair the car as a result of the accident. There was no objection because of an insufficient foundation to testify about reasonableness and causal relationship of the expense. *See Bell* v. *Stafford*, 284 Ark. 196, 680 S.W.2d 700 (1984). The measure of damages to automobiles is the difference in the fair market value of the automobile immediately before and immediately after the accident. Ark. Stat. Ann. § 75-919.1 (Repl. 1979); AMI Civil 2d 2226; *Daughhetee* v. *Shipley*, 282 Ark. 596, 669 S.W.2d 886 (1984). However, we have long held that, in the absence of other competent proof of market value, the difference in market value before and after the collision may be established by showing the amount paid in good faith for the repairs that were necessitated by the collision. *Payne* v. *Mosley*, 204 Ark. 510, 162 S.W.2d 889 (1942); *Golenternek* v. *Kurth*, 213 Ark. 643, 212 S.W.2d 14 (1948); and *see* comment to AMI Civil 2d, 2226. Here, appellee's testimony concerning the amount she paid for repairs necessitated by the collision was sufficient to sustain the award of damages.

■ Appellants' next argument is that the trial court should have found the appellee guilty of contributory negligence. This argument is also without merit. On appeal, in reviewing the sufficiency of the evidence to support a verdict by a trial judge, the appellate court considers the evidence, and all reasonable inferences from that evidence, in the light most favorable to the appellee and affirms unless the trial judge's decision is clearly erroneous. ARCP Rule 52; *Wasp Oil, Inc.* v. *Arkansas Oil & Gas,*

*Inc.*, 280 Ark. 420, 658 S.W.2d 397 (1983). Here, the evidence, when viewed in the light most favorable to appellee, establishes that appellants' truck was backed onto the highway and was partially blocking appellee's lane of traffic at the time of the collision. It was dark but the appellant had not yet turned on the truck's lights. Appellee, driving slowly, could not see the truck until it was too late to avoid hitting it.

Affirmed.

PURTLE, J., not participating.