Shirley York DOBY *v.* STATE of Arkansas

CA CR 88-236                    770 S.W.2d 666

Court of Appeals of Arkansas
Division I
Opinion delivered May 17, 1989

*John M. Holstine*, for appellant.

*Steve Clark*, Att'y Gen., by: *Tim Humphries*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with theft of property valued in excess of $200.00. She was convicted of that offense on June 14, 1988, by the trial judge sitting as the fact finder, and was found to be an habitual offender. She was sentenced to twenty-four years in the Arkansas Department of Correction. On appeal the appellant argues that the State failed to meet its burden of proof with regard to the value of the property and that the testimony regarding the value of the property was inadmissible hearsay. We agree with the appellant's argument and reverse and remand.

The State argues that the appellant has waived his right to challenge the sufficiency of the evidence on appeal because he failed to request a directed verdict at the close of the State's case. However, a defendant is not required to request a directed verdict in a bench trial to preserve the sufficiency of the evidence. Ark. R.

Crim. P. 36.21(b).

■■ Where the sufficiency of the evidence is challenged on appeal of a criminal conviction, we review the sufficiency, including the inadmissible evidence, prior to considering the trial errors. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the State and affirm if there is substantial evidence to support the verdict. *Id.*

■ A person commits theft of property if he knowingly takes or exercises unauthorized control over the property of another with the purpose of depriving the owner thereof. Ark. Code Ann. § 5-36-103(a)(1) (1987). Theft is a class C felony if the value of the property is more than $200.00 but less than $2,500.00. Ark. Code Ann. § 5-36-103(b)(1)(C) (1987).

Louis Nickens, the security manager for Stein Mart, testified that on January 12, 1988, he saw the appellant in the ladies' department. Nickens stated that he went to an observation booth and saw the appellant remove a blue dress and a pink dress from the hangers and move behind a rack out of his view. When she reappeared, she did not have either dress. He then saw her take another dress and put in inside her girdle. She then selected a jumper, went to the checkout stand, and paid only for the jumper. When he apprehended her she was still inside the store but had gone through the checkout stand.

Mark Jones, the assistant store manager, testified that the prices of the three dresses on the day the appellant was apprehended were $89.97, $63.88, and $49.77. He also stated that two of the dresses had been marked down and that their value was more than what he had stated. He said that he arrived at the value of the dresses from the price tags that were on the dresses when the appellant was apprehended. On cross-examination, Mr. Jones admitted that he did not personally price the items and that he had no other knowledge of what the values were other than what was on the price tags. The price tags were not entered into evidence.

■ Clearly, the evidence will support a conviction for theft of property; however, we agree with the appellant's argument that Mr. Jones's testimony regarding the value was inadmissible

hearsay. In *Lee* v. *State*, 264 Ark. 384, 571 S.W.2d 603 (1978), the Supreme Court reversed and remanded a case with a similar fact situation. In that case the security guard testified about the price of three suits Lee had allegedly stolen. As in the present case, the only knowledge that the security guard had about the value of the dresses was what was on the price tags and the price tags were not entered into evidence. The Court stated:

> No salesperson or any other employee, who had knowledge of the property's value from the business books or records of the store, was called as a witness. The security guard's testimony, to which a sufficient objection was made, must be characterized as inadmissible hearsay.

264 Ark. at 385 (citations omitted). Because the store manager's testimony about the value of the dresses taken from the price tags was inadmissible hearsay, and because it was the only evidence of value presented to the trial, the error was prejudicial and we reverse and remand. In *Lee*, the Supreme Court also stated that because the only evidence regarding value was inadmissible, the evidence was also insufficient; that case was decided in 1978, six years prior to *Harris, supra*. It is interesting to note in light of the State's assertion that the appellant did not preserve the sufficiency of the evidence issue that the Supreme Court raised it on its own in *Lee*. From our reading of the opinion it appears that Lee only challenged the admissibility of the hearsay evidence.

The State argues that the conviction should be affirmed because the appellant's objection about the hearsay was untimely. We disagree. An objection must be made at the first opportunity. *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985). Mr. Jones first testified about the value of the dresses. It was not until cross-examination that it was revealed that he was solely relying on the price tags to arrive at the value, and at that point the appellant objected. Clearly, the appellant's objection was timely because it was made as soon as it became evident that the testimony was hearsay.

The State also requests, should we decide the sufficiency of the evidence issue, that we reduce the appellant's conviction to a misdemeanor because theft of property less than $200.00 is a lesser included offense of felony theft. However, the error that occurred was trial error, and the appellant is not

entitled to a reduction for trial error. The appellant is only entitled to a new trial. *See Harris, supra.*

Reversed and remanded.

CORBIN, C.J., and CRACRAFT, J., agree.