Emma B. SMITH *v.* STATE of Arkansas

CA CR 89-154                                    783 S.W.2d 72

Court of Appeals of Arkansas
Division I
Opinion delivered January 31, 1990

*James R. Clouette*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Denhammcclendon*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Emma B. Smith, was charged by information with first degree murder in connection with the stabbing death of Savannah Hester. After a bench trial, the appellant was found guilty of second degree murder, a violation of Ark. Code Ann. § 5-10-103(a)(1) (Supp. 1989), and was sentenced to a twenty year term of imprisonment. On appeal, the appellant challenges the sufficiency of the evidence with regard to her second degree murder conviction, and further contends that she was justified in employing the use of deadly force against the victim. We disagree and affirm.

The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Ricketts* v. *State*, 292 Ark. 256, 729 S.W.2d 400 (1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985). A defendant's intention, being a subjective matter, is ordinarily not subject to proof by direct evidence, but must rather be established by circumstantial evidence. *Taylor* v. *State*, 28 Ark. App. 146, 771 S.W.2d 318 (1989).

A person commits murder in the second degree if he knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-103(a)(1) (Supp. 1989). A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. Further, a person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

*See* Ark. Code Ann. § 5-2-202(2) (1987). Under this statute, the state had to prove that appellant acted with an awareness of her conduct, the relevant attendant circumstances and that her conduct was practically certain to cause the death of the victim. *Heard* v. *State,* 284 Ark. 457, 683 S.W.2d 232 (1985).

In her challenge to the sufficiency of the evidence, appellant does not deny that she stabbed Ms. Hester, which resulted in her death. Instead she contends that the evidence supports a finding of guilt only to the offense of manslaughter, based on the premise that she caused Ms. Hester's death "while under the influence of extreme emotional disturbance for which there is reasonable excuse." *See* Ark. Code Ann. § 5-10-104(a)(1) (1987).

Dr. Bennet G. Preston, a forensic pathologist, testified that Ms. Hester had been stabbed four times and had died as a result of these multiple stab wounds. A witness for the state, Everett Mack, related that he saw the two women arguing on appellant's front porch. He said that Ms. Hester did hit the appellant, but that she was stabbed by the appellant after Ms. Hester had turned to leave the porch. Mack also said that Ms. Hester was unarmed. Officer Greg Siegler of the Little Rock Police Department testified that after he had advised appellant of her rights, she told him she had stabbed Ms. Hester because Hester had tried to take her drink. Officer Siegler also stated that he found no weapon near the body.

In her defense, the appellant claimed that the killing was justified. The appellant presented testimony that she was an old, disabled woman who was frequently teased and subjected to abuse by members of the community, and who had been the victim of previous robberies. Appellant testified that Ms. Hester had pulled at her purse and had hit her, and that she was frightened by the strange behavior exhibited by Ms. Hester when the incident occurred.

Arkansas Code Annotated § 5-2-607(a)(2) (1987) provides that a person is justified in using deadly force upon another person if he reasonably believes that the other person is using or is about to use unlawful deadly force. The statute requires that there be a reasonable belief that the situation necessitates the defensive force employed, and the defense is available only to one who acts reasonably. *Barker* v. *State,* 21

Ark. App. 56, 728 S.W.2d 204 (1987). The defense of justification, being largely a matter of the defendant's intent, is essentially a question of fact to be decided by the trier of fact, in this case the trial court, which was not required to believe the testimony of the appellant. *See Taylor* v. *State, supra.*

Viewing the testimony in the light most favorable to the state, and considering the number and extent of the wounds inflicted upon the victim, the fact that the victim was unarmed and leaving when she was stabbed, the appellant's statement given to Officer Siegler, and that the appellant was apparently uninjured, we cannot say that there is no substantial evidence to support the trial court's finding that appellant was guilty of second degree murder.

In its brief, the state has asked us to overturn our recent decision in *Doby* v. *State,* 28 Ark. App. 23, 770 S.W.2d 666 (1989), stating that it is a departure from the rule announced in *Williams* v. *State,* 24 Ark. App. 118, 748 S.W.2d 355 (1988). The state then maintains that we need not address the merits of the issue presented as it is being raised for the first time on appeal because the appellant failed to move for a directed verdict at trial.

Citing Ark. R. Crim. P. 36.21(b), in *Doby* we held that a defendant is not required to request a directed verdict in a bench trial to preserve the question of the sufficiency of the evidence on appeal. Rule 36.21 was amended to include subsection (b) by the supreme court's Per Curiam of January 25, 1988, with an effective date of March 1, 1988. The Reporter's Note states that the amendment was designed to bring the criminal rules in alignment with the civil rules of procedure. Under the civil rules, specifically Ark. R. Civ. P. 50(a), in a non-jury trial it is not necessary to move for a directed verdict in order to preserve the question of the sufficiency of the evidence. *See Sipes* v. *Munro,* 287 Ark. 244, 697 S.W.2d 905 (1985); *Bass* v. *Koller,* 276 Ark. 93, 632 S.W.2d 410 (1982). In *Bass* v. *Koller, supra,* the court stated:

> This is the first time we have been called upon to rule as to whether Rule 50(a) is applicable to a non-jury trial. We are of the opinion that the rule means exactly what it says. Prior to the adoption of this rule there was a requirement that the matters stated in Rule 50(e) applied both to a jury

and non-jury trial. Therefore, we hold that the rule applies only to trials held before a jury. In specifically stating that the rule applies to a jury trial, the rule by implication excludes cases tried to the court without a jury. Therefore, the doctrine of *expressio unius est exclusio alterius* applies. We hold that the appellants did not waive the right to question the sufficiency of the evidence in this case.

*Id.* at 96, 632 S.W.2d at 412. Similarly, Rule 36.21(b) speaks only in terms of trials held before a jury; thus the maxim *expressio unius est exclusio alterius* is equally applicable here. Contrary to the state's suggestion, even if this court agreed with the state's position, after March 1, 1988, this argument is no longer available.[1] Therefore, we reaffirm our decision in *Doby*, *supra*, with regard to this issue.

AFFIRMED.

COOPER and JENNINGS, JJ., agree.

---

[1] We note that the trial in *Williams* v. *State*, *supra*, was held a year before the effective date of the amendment to Rule 36.21, while the trial in *Doby* v. *State* was held after the effective date.