Paul T. RYAN, Jr. *v.* STATE of Arkansas

CA CR 89-172                                    786 S.W.2d 835

Court of Appeals of Arkansas
Division II
Opinion delivered February 28, 1990

*Poynter & Gearhart, P.A.,* by: *Van A. Gearhart,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, Paul T. Ryan, Jr., was tried by the court without a jury and convicted of first offense driving while intoxicated. On appeal, he challenges the sufficiency of the evidence.

At trial, Baxter County Deputy Sheriff Michael Redmond testified that at approximately 1:30 a.m. on March 27, 1988, he was called to the scene of a one-vehicle accident on State Highway 101. When he arrived, he was informed that the driver had been taken to the hospital in a private vehicle. At the scene, he found a 1977 Chevrolet pickup truck in a ditch twenty-one feet from the pavement. The truck appeared to have rolled over, the front window was out and there was debris scattered around the

area which appeared to have come from the bed of the pickup. A check of the vehicle license determined that the vehicle belonged to appellant, Paul Ryan, Jr.

According to Deputy Redmond, after he finished investigating the scene of the accident, he went to the hospital where he found the appellant, who was being treated in one of the emergency rooms. The deputy testified that he arrived at the hospital at 2:32 a.m.; that appellant had no visible injuries, but his speech was slurred and there was a heavy odor of intoxicating beverages about him. Redmond said appellant admitted he had been driving the truck but said he could not remember how the accident happened. The deputy testified that he advised appellant of his rights under the implied consent law, and appellant consented to have blood drawn for a blood alcohol test.

On cross-examination Deputy Redmond admitted that, although in his opinion appellant was extremely intoxicated at that time, he did not charge appellant with DWI until approximately three weeks later when he received the result of the blood test. Because of evidentiary problems, the result of the test was not admitted into evidence at the trial.

Baxter County Deputy Sheriff John Booker testified that he was en route to the scene of the accident when he received word that the driver in the accident had been taken to the hospital. He said he then went to the Baxter County Hospital, arrived at 2:00 a.m. and located appellant in an emergency room. He said appellant was sound asleep on a gurney; that he did not attempt to talk to appellant; and that there was a strong odor of intoxicating beverages in the room, coming from the appellant.

On appeal, the appellant argues that without the result of the blood alcohol test, the evidence was insufficient to sustain the conviction. He contends that the only evidence of DWI was the testimony that he had an odor of alcohol about him and that his speech was slurred. He maintains the fact that he had an automobile accident cannot be used as evidence of intoxication because it could have just as easily been caused by a tire blowing out. Appellant emphasizes that he was not charged with DWI until three weeks after the accident and insists that this shows there was not even probable cause to arrest him until the result of the blood test was received.

■ Appellee submits that we should affirm on the basis that appellant failed to preserve his argument for appeal because he failed to move for a directed verdict or otherwise challenge the sufficiency of the evidence in the trial court. In *Doby* v. *State*, 28 Ark. App. 23, 770 S.W.2d 666 (1989), we cited Ark. R. Crim. P. 36.21(b) as authority for the statement that "a defendant is not required to request a directed verdict in a bench trial to preserve the sufficiency of the evidence," and we recently reaffirmed our position on this issue in *Smith* v. *State*, 30 Ark. App. 111, 783 S.W.2d 72 (1990).

■ Before determining the sufficiency of the evidence, we must also consider another argument which appellee submits. The state contends that we should consider the result of the blood test in reaching our decision on sufficiency because *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), requires us to consider all the evidence on appeal, even that which was inadmissible at trial. We believe appellee is misreading *Harris*. That case holds that when considering an appeal in which sufficiency of the evidence is an issue and there are also arguments that certain evidence introduced during trial was inadmissible, we deal with the sufficiency question first, considering all the evidence, even that which we may later hold was erroneously admitted at trial. This does not mean, however, that on appeal we can consider evidence which the trial court excluded.

■ We now come to the issue of whether the evidence is sufficient to sustain the conviction. On appeal in criminal cases, whether tried by a judge or jury, we review the evidence in the light most favorable to the state and affirm if there is any substantial evidence to support the trial court's judgment. *Lane* v. *State*, 288 Ark. 175, 702 S.W.2d 806 (1986); *Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985). Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). Because evidence is circumstantial does not render it insubstantial as the law makes no distinction between direct evidence of a fact and circumstances from which it may be inferred. *Johnson* v. *State*, 7 Ark. App. 172, 646 S.W.2d 22 (1983); *Small* v. *State*, 5 Ark. App. 87, 632 S.W.2d 448 (1982).

■ The evidence, when considered in the light most favorable to the state, showed that appellant was involved in a one-vehicle accident; he had a strong odor of alcohol about his person; and his speech was slurred. The deputy sheriff who questioned appellant testified that shortly after the accident appellant appeared to be "very drunk, very intoxicated." A careful review of the record convinces us, without considering the result of the blood test, that there is substantial evidence to sustain appellant's conviction.

Affirmed.

JENNINGS and ROGERS, JJ., agree.