Corwin HATTISON *v.* STATE of Arkansas

CA CR 90-288                                    819 S.W.2d 298

Court of Appeals of Arkansas
Division II
Opinion delivered November 20, 1991

*William R. Simpson, Jr.*, Public Defender, *Llewellyn J. Marczuk*, Deputy Public Defender, by: *Omar F. Greene II*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. On February 5, 1987, appellant, Corwin Dale Hattison, entered a plea of guilty to keeping a gambling house and was sentenced, pursuant to Act 346 of 1975, to three years in the Arkansas Department of Correction with two years ten months suspended and the remaining sixty days to be served in the Pulaski County Jail. On January 4, 1990, a felony information and a petition to revoke were filed which alleged that appellant was guilty of delivering a controlled substance (cocaine) on October 23, 1989. The revocation hearing was held along with a bench trial on the underlying charge on July 10, 1990; appellant was convicted of delivery of a controlled substance and his suspended sentence was revoked. He was then sentenced to ten years in the Arkansas Department of Correction on the delivery conviction and three years on the revocation. On appeal Hattison challenges the sufficiency of the evidence.

In resolving the question of the sufficiency of the evidence in a criminal case, this court views the evidence in the light most favorable to the appellee and affirms the judgment if there is substantial evidence to support the finding of the trier of fact. *Lane* v. *State*, 288 Ark. 175, 702 S.W.2d 806 (1986); *Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985). Substantial

evidence is that which is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984).

At the trial and revocation hearing it was first established that appellant had pleaded guilty to keeping a gambling house and had been given a suspended sentence subject to certain conditions, including that he "refrain from violating any law (Federal, State, Local) which is punishable by imprisonment." North Little Rock Police Office Charise Crutchfield testified that on October 23, 1989, while working as an undercover narcotics investigator, she purchased $20.00 worth of "rock crack cocaine" from appellant. She said she immediately returned to the office and performed a field test on the rock, which tested positive for cocaine.

Mary Buehler, a chemist in the drug section of the Arkansas State Crime Laboratory, testified that she had received the specimen from Officer Crutchfield, analyzed it and determined that it contained cocaine base. She said the initial weight of the sample was zero point one four grams or one hundred fourteen milligrams. She was then asked, "In your opinion would that be a usable amount of that type of substance?" Defense counsel objected but was overruled by the court. The witness then testified that it was an average amount of rock cocaine. She said the cocaine rocks they analyze are often half the size of this one, "perhaps" as little as .04 or .05 grams. When asked again if this would be a usage amount the witness said, "Yes. Based on what we normally see, I would assume that it would be a usable amount." Ms. Buehler testified the specimen was visible to the naked eye, enclosed in a plastic bag and was not what she would call residue.

Officer Crutchfield returned to the witness stand and testified that she had made approximately fifty to a hundred cocaine buys which usually consisted of one rock of cocaine; that cocaine rocks of similar price are usually about the same weight; that in this particular purchase she received a "normal amount" sold on the street; and that it was "a usable amount."

The defendant testified that at the time Officer Crutchfield

said he sold her cocaine, he was working for the North Little Rock Sanitation Department and had been for six years. He said he got up around 7:00 a.m., was not out on the streets at 9:15 p.m., doesn't sell drugs and did not sell any drug to Officer Crutchfield.

Appellant's first argument on appeal is that the state failed to prove every element of its case by sufficient evidence in that it failed to prove he possessed a usable amount. In support of this argument the appellant relies upon *Harbison v. State*, 302 Ark. 315, 790 S.W.2d 146 (1990), in which the Arkansas Supreme Court held that possession of less than a usable amount of a controlled substance will not support a conviction. In *Harbison* the appellant had been convicted of possession of cocaine on evidence about a brown glass bottle containing white powder. Although there was no specific evidence about the bottle or its contents, a drug chemist testified that he identified a substance found inside two plastic drinking straws as being a "trace amount" of cocaine "residue" too small to weigh with state crime laboratory equipment which could weigh nothing smaller than one milligram. The prosecution stipulated that the expert testimony would have been the same with respect to the amount of cocaine found in the brown bottle.

The *Harbison* opinion states:

> The laboratory's chief toxicologist then testified that the amount found in the two straws was not sufficient to have any effect on the "human system" and a drug user would not attempt to use it because it "would not be an amount that someone would be interested in trying to use."

302 Ark. at 316. Appellant relies on this statement in arguing that "the laboratory's chief toxicologist was needed to testify as to what amount was sufficient to have any effect on the human system and what would be 'an amount that someone would be interested in trying to use.'" Appellant quotes further from *Harbison*, 302 Ark. at 322:

> We recognize the possibility that one may be in possession of an amount of a controlled substance sufficient to permit knowledge of its presence and yet still not be in possession of a usable amount.

Appellant argues that the same rationale applies to delivery of a controlled substance.

■ Appellee first argues that the appellant has not preserved this argument for appeal because he failed to specifically argue to the trial judge that the prosecution had not proven that he sold a usable amount of cocaine. In *Moore* v. *State*, 304 Ark. 257, 266, 801 S.W.2d 638 (1990), the Arkansas Supreme Court held that the defendant must specifically argue the *Harbison* issue in his motion for directed verdict or the issue is not preserved for appeal. *See also, Saul* v. *State*, 33 Ark. App. 160, 803 S.W.2d 941 (1991). Our reading of the record discloses that defense counsel objected every time someone mentioned the term "usable amount" and even though he may not have specifically argued the point after making his motion for directed verdict, we think counsel adequately brought to the court's attention that he was challenging the prosecution's proof on that issue.

■ In addition, appellee again makes an impassioned plea for us to change the rule set out in *Doby* v. *State*, 28 Ark. App. 23, 770 S.W.2d 666 (1989), in which we held that a defendant is not required to request a directed verdict in a bench trial to preserve the sufficiency of the evidence issue, citing Ark. R. Crim. P. 36.21(b). We reiterated this rule in *Smith* v. *State*, 30 Ark. App. 111, 783 S.W.2d 72 (1990) and *Ryan* v. *State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990), and we consider the issue settled. Furthermore, our reading of the record shows that appellant made his motion for directed verdict at the close of the State's case and again when the defense rested.

■ Nevertheless, we do not find cause to reverse appellant's conviction. The appellants in *Harbison, Moore,* and *Saul, supra,* were all convicted of possession of a controlled substance. In the instant case appellant was convicted of delivery of a controlled substance. We do not think that one would be successful in selling less than a usable amount of contraband. Moreover, Officer Crutchfield testified that the rock she purchased from appellant was a normal amount that is sold on the street, and that it was a usable amount; and the crime lab chemist testified the specimen she examined was twice the size of many they receive. We believe there is substantial evidence to support the conviction.

■ Appellant also argues that the evidence was not sufficient to support the revocation. This argument, the appellant says, is based upon the same argument made in regard to the

conviction for delivery of a controlled substance — that appellant was not shown to have transferred a "usable" amount of a controlled substance. That conviction required a finding of guilt "beyond a reasonable doubt," but the revocation required a finding based upon only "a preponderance of the evidence," *Ellerson* v. *State*, 261 Ark. 525, 531, 549 S.W.2d 495 (1977). On appeal we do not reverse the trial judge's decision to revoke unless it is clearly against the preponderance of the evidence, *Brandon* v. *State*, 300 Ark. 32, 776 S.W.2d 345 (1989); *Reese* v. *State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988). We find that the judge's decision to revoke is supported by a preponderance of the evidence.

Affirmed.

CRACRAFT, C.J., and DANIELSON, J., agree.