Amaechi IGWE *v.* STATE of Arkansas

CR 92-1242                                                849 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered March 1, 1993

*William R. Simpson, Jr.*, Public Defender, by: *Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Amaechi Igwe, was tried for possession of heroin with intent to deliver and possession of drug paraphernalia. He waived his right to a trial by jury and was tried and convicted by a circuit judge. He appeals and argues only that the evidence was insufficient to show he possessed the heroin with the intent to deliver it. The State contends we should not consider the issue because Mr. Igwe's counsel failed to renew his motion for a directed verdict at the close of the evidence. We hold that, in a trial by the court without a jury, it is unnecessary to raise the question of sufficiency of the evidence by motion at the close of the trial to preserve the issue for appeal. We have considered the evidence which was presented to the Circuit Court, and we hold it was sufficient to support the conviction.

### 1. Sufficiency of the evidence

Police officers arrested several persons at a residence in Little Rock. One of those arrested cooperated in a plan to have Igwe come to the residence where he might also be arrested. An officer testified "a phone call was made" and Igwe showed up some 20 minutes later with a "paper" containing powder and a crack pipe. No one testified to what was said in the phone conversation which apparently led to Igwe's subsequent arrival.

The powder confiscated from Igwe was tested and found to weigh 1.175 grams with a pure heroin content weighing .446 grams. According to Ark. Code Ann. § 5-64-401(d) (Supp. 1991) possession of more than 100 milligrams (.100 grams) of heroin creates a rebuttable presumption that it is possessed with intent to deliver. It was thus up to Mr. Igwe to present evidence to rebut the presumption. The only evidence he presented bearing on the issue was his own testimony that he was a drug user, carried the heroin for his own use, and had come to the residence where he was arrested because he had been informed he could obtain cocaine

there.

■ The general rule with respect to sufficiency of the evidence is:

> The evidence to support a conviction, whether direct or circumstantial, must be of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. *Smith* v. *State*, 308 Ark. 390, 824 S.W.2d 838 (1992). We will affirm the verdict of the trial court, if it is supported by substantial evidence, and circumstantial evidence may constitute substantial evidence. *Hill* v. *State*, 299 Ark. 327, 773 S.W.2d 424 (1989). To be sufficient to sustain a conviction, the circumstantial evidence must exclude every other reasonable hypothesis consistent with innocence. *Bennett* v. *State*, 308 Ark. 393, 825 S.W.2d 560 (1992).

*Lukach* v. *State*, 310 Ark. 38, 834 S.W.2d 642 (1992).

■ In determining whether there is substantial evidence, the court reviews the evidence in the light most favorable to the appellee. *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977).

■ While Igwe argues that the drugs fond in the search were for his personal consumption, the Trial Court clearly did not believe him. The question was for the fact finder, in this case the Trial Court, to resolve.

### 2. Directed verdict motion

In *Greer v. State*, 310 Ark. 522, 837 S.W.2d 884 (1992), we wrote:

> Appellant's argument is a challenge to the sufficiency of the evidence, and, since appellant did not move for a directed verdict at the close of all the evidence, we do not address the issue even though this was a bench trial. See *Collins* v. *State*, 308 Ark. 536, 826 S.W.2d 231 (1992).

The *Collins* case was an appeal from judgment which resulted from a jury trial. Collins had failed to renew a motion for a directed verdict at the close of all evidence. We cited Ark. R. Crim. P. 36.21(b) which provides:

When there has been a trial by jury, the failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and at the close of the case because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

We noted that although Collins characterized his trial counsel's omission as a failure to move for directed verdict "at the end of the State's case," both the State and the defense rested after presentation of the State's case, and no motion was made. Thus we concluded that counsel failed to question sufficiency of the evidence at the close of all the evidence as well and pointed out that the rule is firmly established that we do not consider challenges to the sufficiency of the evidence when defendants do not comply with Rule 36.21.

In the *Greer* case we obviously realized we were dealing with a bench trial rather than a jury trial, but we said the motion was required despite that fact without spelling out our reasons.

Other than in the *Greer* case, we have not ruled on this question when construing the Rules of Criminal Procedure, but we have the identical provision in our Rules of Civil Procedure 50(e). We have held that subsection (e) does not apply to a non-jury trial. *Sipes* v. *Monroe*, 287 Ark. 244, 697 S.W.2d 905 (1985); *Bass* v. *Koller*, 276 Ark. 93, 632 S.W.2d 410 (1982). In the *Bass* case the appellees argued that the appellants waived an argument for additional damages because Rule 50(e) required that a motion for new trial based upon insufficiency of the evidence is waived unless it is preserved through a motion at the close of all the evidence or in a motion for new trial. The Rule, which has since been amended to omit reference to the motion for new trial and judgment notwithstanding the verdict, provided:

When there has been a trial by a jury, the failure of a party to file a motion for directed verdict at the conclusion of all the evidence, or a motion for judgment notwithstanding the verdict, or a motion for new trial because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

It was the first time we were called upon to decide whether Rule 50(e) applied to a non-jury trial. We concluded the Rule meant exactly what it said and noted that prior to the adoption of the Rule there was a requirement that the matters stated in Rule 50(e) applied both to a jury and non-jury trial. We held that, by specifically stating that it applied to a jury trial, the Rule by implication excluded applicability to cases tried without a jury.

The issue we consider here was not argued by the parties in the *Greer* case. Any reasons we may have had for applying the requirement of a motion for directed verdict at the close of a criminal bench trial are easily overcome when we consider the clear wording of the Rule limiting the requirement to jury trials and our assumption that the main purpose of a judge trying a case without a jury is to determine the guilt or innocence of the accused with the sufficiency of the evidence as the point of the trial.

We find no authority for applying the requirement of Rule 36.21 in a non-jury situation. Our Court of Appeals has considered the matter on several occasions, and has held that the Rule does not require the motion in a non-jury trial. *Hattison v. State*, 36 Ark. App. 128, 819 S.W.2d 298 (1991); *Ryan v. State*, 30 Ark. App. 196, 786 S.W.2d 835 (1991); *Smith v. State*, 30 Ark. App. 111, 783 S.W.2d 72 (1990); and *Doby v. State*, 28 Ark. App. 23, 770 S.W.2d 666 (1989).

We must overrule our decision in the *Greer* case to the extent it required a criminal defendant in a non-jury trial to move for a directed verdict at the conclusion of the evidence to preserve the issue of the sufficiency of the evidence on appeal.

Affirmed.